Hanford, District Judge.
The defendant was arrested on his arrival at the city of Seattle from China, via Vancouver, B. C., and after a hearing before James Kiefer, one of the commissioners of the circuit court, he was adjudged to be a Chinese person not lawfully entitled to enter the United States, or to remain therein, and ordered to be sent back to China. By an appeal he has secured a new trial in this court.
The evidence is very clear and satisfactory, and establishes the following as the material facts: The defendant formerly lived in Seattle, and while here he acquired a one-fifth interest as a member of a firm called the 'Gee Lee Company. Said firm has maintained a mercantile establishment in Seattle continuously for nearly 18 years. The business of the .firm is importing, buying, and selling groceries and all kinds of goods used by the Chinese people, and it is now doing a business amounting to from $40,000 to $50,000 per annum. The defendant returned to China six or seven years ago, but retained his interest in the Gee Lee Company, and has received from time to time his dividends from the profits of said business. I understand the commissioner to have held that-, by returning to his domicile of origin, and remaining there over six years, the defendant surrendered his right to claim a domicile in this country. Conceding this to be true, still, by maintaining a mercantile establishment, he has a commercial domicile here, which, according to my understanding of the decision of the supreme court in the case of Lau Ow Bew v. U. S., 144 U. S. 47, 12 Sup. Ct. Rep. 517, is sufficient to entitle him to come and go freely, as any other merchant may. In that case Chief Justice Fuller says:
“We are of opinion that it was not intended that commercial domicile should be forfeited by temporary absence at the domicile of origin, nor that ■resident merchants should be subjected to loss of rights-guarantied by treaty, if they failed to produce from the domicile of origin that evidence which residence in the domicile of choice may have rendered it difficult, if not impossible, to obtain; and, as we said in considering the application of this petitioner for the writ of certiorari, (141 U. S. 583, 588, 12 Sup. Ct. Rep. 43,) we do not think that the decision of this court in Wan Shing v. U. S., 140 U. S. 424, 12 Sup. Ct. Rep. 729, ruled anything to the contrary of the conclusions herein expressed. As there pointed out, Wan Shing was not a merchant, but a laborer. He had acquired no commercial domicile in this country, and whatever domicile he had acquired, if any, he had forfeited by the departure and absence for seven years with no apparent intention of returning.”
Evidently the phrase “commercial domicile” was selected and used intentionally by Chief Justice Fuller, for the purpose of conveying the idea that the rule which that decision- affirms is broader than would be necessary to merely open a way for the ingress and egress of those Chinese merchants who personally dwell continuously within the country. Bouvier’s definition of “commercial domicile” is as follows: “Theremay be a commercial domicile acquired by maintenance of a commercial establishment in a country, in relation to transactions connected with such establishments.” 1 Bouv. Law Diet. (15th Ed.) 557.
It is my conclusion, therefore, that the commissioner’s decision should be reversed, and that the defendant is entitled to be discharged.