MATSUMURA v. HIGGINS, Sheriff.

(Circuit Court of Appeals, Ninth Circuit. May 23, 1911.)

No. 1,954.

1. APPEAL AND ERROR (§§ 631, 772*)—PRINTING RECORD—FILING AND SERVING BRIEF—RULES—FAILURE TO COMPLY—PENALTY.

Failure to comply with Circuit Court of Appeals rule 23 (150 Fed. xxxii, 79 C. C. A. xxxii) regulating the printing of the record and filing and serving of briefs will not necessarily entail the dismissal of an appeal without regard to the merits of the controversy; but additional time will not be granted to comply with the rule, where it appears that nothing would be gained by appellant except delay.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2766–2770; Dec. Dig. §§ 631, 772.*]

2. ALIENS (§ 53*)—DEPORTATION—RESIDENCE IN UNITED STATES—TIME—IMPRISONMENT.

Petitioner, a Japanese alien, was convicted of importing an alien prostitute into the United States, sentenced to imprisonment, and on investigation by the acting Secretary of Commerce and Labor was found to belong to the excluded class and ordered deported. *Held* that, since domiciliary rights could not grow for the benefit of petitioner during the period of his incarceration, the deportation writ was in abeyance during such period, and on its expiration was subject to immediate execution, though petitioner then had been in the United States more than three years.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 53.*]

Appeal from the District Court of the United States for the District of Montana.

Habeas corpus, on petition of Hyoma Matsumura, to obtain his release from custody of Martin L. Higgins, Sheriff, pursuant to deportation warrant. From an order denying the writ, and remanding petitioner to custody, he appeals. Affirmed.

Galen & Mettler, for appellant.

James W. Freeman, U. S. Atty., and S. C. Ford, Asst. U. S. Atty., for appellee.

Before GILBERT and MORROW, Circuit Judges, and HANFORD, District Judge.

HANFORD, District Judge. This case is in this court on appeal from the District Court for the District of Montana, which granted a writ of habeas corpus, and, upon a hearing after the return to said writ, remanded the petitioner, to be deported to his own country pursuant to a warrant under which he is held in custody. For failure of the appellant to observe the requirements of our rule 23 (150 Fed. xxxii, 79 C. C. A. xxxii) with respect to the printing of the record and the filing and service of briefs, the district attorney representing the government has moved to dismiss the appeal. That motion is counter to a motion in behalf of the appellant to continue the case for hearing at the next term of this court, and to extend the time for printing the

record and for the filing and service of briefs. This motion is supported by affidavits containing excuses for the failure to comply with the requirements of rule 23.

[1] Our rules are made to facilitate the prompt dispatch of business, with due regard to the rights of litigants, and compliance with their requirements will be enforced by the application of coercive power adequate for the purpose. This does not necessarily require that dismissal of a case without regard to the merits of the controversy shall be the penalty for an infraction of rules. On the other hand, the court will not grant indulgence to an appellant merely for his convenience, when not necessary to serve the ends of justice. In this case, after an examination of the record, we are convinced that the appellant would gain nothing by the granting of his motion except delay in the execution of the writ for his deportation.

[2] It appears by the record that the petitioner was indicted, tried, convicted, and punished by imprisonment for the crime of importing an alien prostitute into the United States, and that upon an investigation of his case by an inspector of Immigration evidence was adduced which proved to the satisfaction of the acting Secretary of Commerce and Labor that said appellant is an alien of the class excluded by law from entering the United States, that he came into this country in violation of law within a period of three years next preceding his arrest, and that he is not lawfully entitled to remain in the United States, and for said cause the warrant for his deportation to Japan, the country from whence he came, was issued.

The warrant was issued in the exercise of authority conferred by section 20 of the Immigration Act of February 20, 1907 (34 Stat. 904, c. 1134 [U. S. Comp. St. Supp. 1909, p. 459]), which prescribes:

"That any alien who shall enter the United States in violation of law * * * shall, upon the warrant of the Secretary of Commerce and Labor, be taken into custody and deported to the country whence he came at any time within three years after the date of his entry into the United States."

The warrant was issued within the prescribed period, but its execution was, by reason of the imprisonment of the appellant for the crime of which he was convicted, delayed; and, said period having elapsed, it was contended that said warrant has become functus, so that there is now no lawful authority for holding the appellant in custody, and that he is deprived of liberty without due process of law, in violation of the Constitution of the United States. We regard this contention as being unworthy of serious consideration. Domiciliary rights could not grow for the benefit of a convict during the period of his incarceration in prison; and while the writ of deportation was in abeyance the running of time should not be counted, in order to raise a legal objection to its execution which did not exist when it was issued.

All of the other alleged grounds for opposing the right of the government to deport the appellant have been passed upon, and the law with respect to the same settled adversely to him, by decisions of the Supreme Court and of this court in the following cases: The Japanese Immigrant Case, 189 U. S. 86, 23 Sup. Ct. 611, 47 L. Ed. 721;

United States v. Yamasaka, 100 Fed. 404, 40 C. C. A. 454; De Bruler v. Gallo (C. C. A.) 184 Fed. 566.

Both of the pending motions are denied, the judgment of the District Court of Montana is affirmed, and the case is remanded for such further proceedings as may be necessary to execute the warrant for deportation of the appellant.