ONG CHEW LUNG v. BURNETT, Immigration Inspector.

(Circuit Court of Appeals, Ninth Circuit. May 8, 1916.)

No. 2715.

1. ALIENS ⬅25—CHINESE PERSONS—"MERCHANTS."

A Chinese person, engaged solely in conducting a factory for the manufacture of materials furnished by others, is not a merchant; but if, in addition to the work, he buys and sells goods, he is a merchant.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 79–82; Dec. Dig. ⬅25.

For other definitions, see Words and Phrases, First and Second Series, Merchant.]

2. ALIENS ⬅28—CHINESE PERSONS—MERCHANT'S CERTIFICATE.

Where a Chinese person holds a merchant's certificate, such certificate is prima facie valid, and should not be set aside, unless there is some competent evidence to overcome it.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 88–90; Dec. Dig. ⬅28.]

3. ALIENS ⬅32(12)—CHINESE PERSONS—DEPORTATION.

While the courts will not review the evidence upon which immigration officials ordered the deportation of a Chinese person, an order of deportation of one prima facie entitled to remain, resting upon conjecture and without support of competent evidence, is arbitrary, and subject to review.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 95; Dec. Dig. ⬅32(12).]

Appeal from the District Court of the United States for the District of Arizona; Wm. H. Sawtelle, Judge.

Application by Ong Chew Lung, also known as Ong Gin Lung, for a writ of habeas corpus against Alfred E. Burnett, Inspector in Charge of United States Immigration Service at Tucson, Ariz. From a judgment denying the writ, applicant appeals. Reversed and remanded, with directions to discharge applicant.

The appellant came to the United States from China in 1903, when he was less than 18 years of age, and he acquired a domicile here as the son of Ong Hung, a resident merchant of San Francisco. He attended school until October, 1907, when he became an active member of the mercantile firm of Kim Lun Chong in San Francisco. In January, 1910, having made application to the Immigration Department at San Francisco for a preinvestigation in order that he might return, he went to China on a visit. As a result of that investigation he was readmitted to the United States on July 27, 1911. He returned to the Kim Lun Chong store. In August, 1913, he acquired an in-

terest in a restaurant at Phœnix, Ariz. About that time he asked the local inspector at Tucson whether it would be permissible for him to work, to which he received an affirmative answer. On April 23, 1914, he was arrested, for deportation on the charge of being unlawfully in the United States. The sole ground on which the immigration officers held him for deportation was that his original entry in 1903 was fraudulent, for the reason that his father was not at that time in truth a merchant, but was a factory owner and a laborer, and therefore not entitled to have his minor child admitted. The evidence that the appellant's father was in 1903 not a merchant consists in a statement made by the appellant, through an interpreter, at a time shortly before he was arrested. He stated that at the time when he first came to this country his father was the sole owner of and was conducting a factory for making shirts and overalls, employing 20 or 30 men, and having contracts to make shirts for several firms, which business his father continued to operate until the San Francisco fire of 1906. On his examination in the deportation proceedings, the appellant testified that he wished to correct his statement, and to say that his father's business was a store, where "it has clothing and things like that for sale," and that his father sold goods and bought goods from the firms for which he was making shirts and overalls. From the order of the District Court, denying his petition for a writ of habeas corpus, and remanding him to custody, the appellant appeals.

Struckmeyer & Jenckes, of Phœnix, Ariz., and John L. McNab, of San Francisco, Cal., for appellant.

Thomas A. Flynn, U. S. Atty., of Phœnix, Ariz., and Samuel L. Pattee, Asst. U. S. Atty., of Tucson, Ariz., for appellee.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] With the exception of the time occupied in a visit to China, the appellant had been 11 years domiciled as a merchant and as the minor son of Ong Hung, a merchant, in the United States, when proceedings for his deportation were commenced. If Ong Hung in 1903 was engaged solely in conducting a factory for the manufacture of materials furnished by others, he was not a merchant; but if, in addition to the work of a factory, he bought and sold goods, he was a merchant. The statement made by the appellant that his father was engaged in conducting a factory for the manufacture of garments is not inconsistent with his testimony under oath that his father was also engaged in buying and selling garments. The status of Ong Hung seems to have been thoroughly investigated shortly prior to the time when the appellant first came to the United States, and Ong Hung's affidavit, together with that of three white persons, was taken to the effect that Ong Hung was a merchant doing business at 210 Jackson street, under the firm name of Wing & Co., and the inspector in charge certified that Ong Hung's mercantile status "has been established." Again, at the time when the appellant returned to China in 1910, the local inspector examined the store of Kim Lun Chong & Co., in which the appellant had an interest, and certified that the mercantile status of the appellant was established as required by the rules of the Department.

[2, 3] The appellant was admitted in the first instance as the minor son of a merchant, and upon the established status of his father, who was in possession of the certificate required by law. Before the ap-

pellant can be lawfully deported, it must be shown by competent evidence that he obtained admission by fraudulent representations. There is no evidence before the immigration officials, except the casual statement of the appellant above adverted to, which even tended to show that Ong Hung fraudulently acquired a status as a merchant in the United States. Ong Hung still remains in the United States under the protection of his merchant's certificate. In Liu Hop Fong v. United States, 209 U. S. 453, 28 Sup. Ct. 576, 52 L. Ed. 888, the Supreme Court said that the certificate "certainly ought to be entitled to some weight," and held that a Chinaman, having been duly admitted to residence thereunder, could not be deported "unless there is some competent evidence to overcome the legal effect of the certificate."

It is not our function to weigh the evidence in this class of cases; but we may consider the question of law whether there was evidence to sustain the conclusion that the appellant, when he first came, fraudulently entered the United States. We find that that conclusion rests upon conjecture and suspicion, and not upon evidence. In the absence of substantial evidence to sustain the same, the order of deportation is arbitrary and unfair, and subject to judicial review. Whitfield v. Hanges, 222 Fed. 745, 751, 138 C. C. A. 199; McDonald v. Siu Tak Sam, 225 Fed. 710, 140 C. C. A. 584; Ex parte Lam Pui (D. C.) 217 Fed. 456.

The judgment is reversed, and the cause is remanded, with instructions to discharge the appellant from custody.