BACKUS, Commissioner of Immigration, v. OWE SAM GOON.

Ex parte OWE SAM GOON. '

(Circuit Court of Appeals, Ninth Circuit.   October 9, 1916.)

No. 2702.

1. ALIENS ⬤═32(2)—DEPORTATION—AUTHORITY OF SECRETARY OF LABOR.
   As Chinese Exclusion Act Sept. 13, 1888, c. 1015, 25 Stat. 476, vests authority to deport Chinese persons only in United States courts, judges and commissioners thereof, the only authority possessed by the Secretary of Labor to deport an alien, though he be a Chinese person, is based on Immigration Act Feb. 20, 1907, c. 1134, 34 Stat. 898.
   [Ed. Note.—For other cases, see Aliens, Dec. Dig. ⬤═32(2).]

2. ALIENS ⬤═32(2)—DEPORTATION—AUTHORITY OF SECRETARY OF LABOR.
   Under Immigration Act Feb. 20, 1907, authorizing the Secretary of Labor, when satisfied that an alien is subject to deportation under the provisions of the act or some other law of the United States, to cause such alien within three years after landing or entry to be taken into custody and deported, the Secretary of Labor can order deportation of an alien only when he has entered the United States within a period of three years preceding his arrest by immigration authorities.
   [Ed. Note.—For other cases, see Aliens, Dec. Dig. ⬤═32(2).]

3. ALIENS ⬤═32(9)—DEPORTATION—PETITION FOR HABEAS CORPUS—JUDGMENT —CONSTRUCTION.
   A demurrer to the petition of a Chinese person for habeas corpus to obtain release from imprisonment, under an order of the Secretary of Labor directing his deportation, was overruled on the ground that the evidence on the hearing by the immigration authorities was insufficient to show that the Chinese person had entered the United States in violation of law.   The opinion of the District Court, after reciting that in proceedings under Chinese Exclusion Act, the alien was entitled to hearing before the courts, further stated that, though the courts could not prescribe the rules for admission of evidence by immigration authorities, nevertheless the evidence offered was insufficient.   Held, that the judgment was not subject to attack on the theory that the demurrer was overruled solely on the ground that the warrant of deportation was in violation of Chinese Exclusion Act, and not that it was in violation of Immigration Act.
   [Ed. Note.—For other cases, see Aliens, Cent. Dig. § 94; Dec. Dig. ⬤═32(9).]

4. ALIENS ⬤═44—IMMIGRATION—IMMIGRATION AUTHORITIES—RIGHT TO ADMINISTER OATH.
   While Immigration Act Feb. 20, 1907, § 24 (Comp. St. 1913, § 4273), authorizes immigration officers to administer oaths and take and consider evidence touching the right of aliens to enter the United States, an immigration inspector is not authorized to administer an oath to take evidence in a proceeding for the deportation of an alien.
   [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 102–104; Dec. Dig. ⬤═44.]

5. EVIDENCE ⬤═78—BEST EVIDENCE RULE—PRESUMPTION.
   Where the best evidence which might be produced is not offered, there is a presumption that such evidence, if produced, would have been unfavorable.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 98, 100; Dec. Dig. ⬤═78.]

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

6. ALIENS ☞32(8)—DEPORTATION—RIGHT TO ORDER.

   The Secretary of Labor cannot order the deportation of an alien on the ground that he entered in violation of Immigration Act, where the judgment is based on mere conjecture.

   [Ed. Note.—For other cases, see Aliens, Cent. Dig. § 84; Dec. Dig. ☞32(8).]

7. ALIENS ☞32(13)—IMMIGRATION—ORDER OF IMMIGRATION AUTHORITIES— PROVINCE OF COURTS.

   While the courts cannot review the evidence on which the immigration authorities ordered the deportation of an alien on the ground that he was in the United States in violation of Immigration Act the courts may consider the jurisdictional question of whether there is evidence to support the finding of the immigration authorities.

   [Ed. Note.—For other cases, see Aliens, Cent. Dig. § 95; Dec. Dig. ☞32(13).]

8. ALIENS ☞32(8)—DEPORTATION—PROCEEDINGS—EVIDENCE.

   In a proceeding to deport petitioner, a Chinese laborer, who came to the United States in 1873 or 1874 and registered and received a certificate as a Chinese laborer in 1894, on the ground that he was in Mexico within three years of the institution of the proceedings, and must have entered the country within that time, the only evidence that petitioner had been in Mexico was recognition by a resident of that country of petitioner's photograph. The Mexican resident was not produced, his evidence being taken by an immigrant inspector. The rules of the Department of Labor require the best evidence which can be obtained to be secured in proceedings for the deportation of aliens and provide for thorough investigation, and though much more satisfactory evidence might well have been secured, it was not produced, but an order for deportation was entered. *Held* that, though petitioner was found in Arizona concealed in a refrigerator car, there was not sufficient evidence to sustain the order for deportation on the ground that within three years of the institution of the proceeding he had entered from Mexico in violation of Immigration Act.

   [Ed. Note.—For other cases, see Aliens, Cent. Dig. § 84; Dec. Dig. ☞32(8).]

Appeal from the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

In the matter of the petition of Owe Sam Goon for a writ of habeas corpus, directed against Samuel W. Backus as Commissioner of Immigration at the Port of San Francisco. From an order granting the writ and directing the discharge of petitioner (230 Fed. 654), respondent appeals. Affirmed.

Owe Sam Goon, a native of China, came here in 1873 or 1874. In March, 1894, he was duly registered under Act May 5, 1892, c. 60, 27 Stat. 25 (Comp. St. 1913, §§ 4315–4323), and received his certificate as a Chinese laborer residing in Sacramento, Cal. He was arrested in Tucson, Ariz., on February 19, 1915, having been found in a refrigerator car of the Southern Pacific Company arriving from the East. The case was heard by the immigrant inspector, and he was held for deportation to China on the theory that he had recently entered the United States from Juarez, Mexico, in violation of section 7 of the Chinese Exclusion Act of September 13, 1888 (Comp. St. 1913, § 4308), being a Chinese laborer who failed to produce to the proper officer the return certificate required by said section, and that he entered in violation of section 36 of the Immigration Act of February 20, 1907 (Comp. St. 1913, § 4285).

Section 13 of the Act of September 13, 1888 (25 Stat. 476, 479 [Comp. St. 1913, § 4313]), provides, in part, as follows: "That any Chinese person, or

person of Chinese descent, found unlawfully in the United States, or its territories, may be arrested upon a warrant issued upon a complaint, under oath, filed by any party on behalf of the United States, by any justice, judge, or commissioner of any United States court, returnable before any justice, judge, or commissioner of a United States court, or before any United States court, and when convicted, upon a hearing, and found and adjudged to be one not lawfully entitled to be or remain in the United States, such person shall be removed from the United States to the country whence he came. But any such Chinese person convicted before a commissioner of a United States court may, within ten days from such conviction, appeal to the judge of the district court for the district."

Section 20 of the Immigration Act of Feb. 20, 1907 (34 Stat. 898), as amended by the Acts of March 26, 1910 (36 Stat. 263, c. 128), and March 4, 1913 (37 Stat. 736, c. 141; Comp. St. 1913, § 4269), provides: "That any alien who shall enter the United States in violation of law * * * shall, upon the warrant of the Secretary of Labor, be taken into custody and deported to the country whence he came at any time within three years after the date of his entry into the United States."

Section 21 (section 4270) provides, in part, as follows: "That in case the Secretary of Labor shall be satisfied that an alien has been found in the United States in violation of this act, or that an alien is subject to deportation under the provisions of this act or of any law of the United States, he shall cause such alien within the period of three years after landing or entry therein to be taken into custody and returned to the country whence he came."

Section 36 (section 4285) provides, in part, as follows: "That all aliens who shall enter the United States except at the seaports thereof, or at such place or places as the Secretary of Labor may from time to time designate, shall be adjudged to have entered the country unlawfully and shall be deported as provided by sections twenty and twenty-one of this act."

The hearing of the case was had before the immigrant inspector in Tucson, Ariz. The only evidence that the government produced tending to prove that Owe Sam Goon had entered the United States within three years from Juarez, Mexico, was the statement of one Pascual Carrion, of Juarez, Mexico. The statement was made to an immigrant inspector at El Paso, Tex., and purports to have been made under oath; but by whom the oath was administered does not appear. It will be assumed that what purports to be an oath was administered by the immigrant inspector who conducted the examination. This statement of Carrion was to the effect that he had seen Owe Sam Goon a number of times in a laundry at Juarez, the last time being in August or September of 1914. The identification was made by means of a photograph of the accused taken in Tucson, Ariz. It was not made in the presence of the accused, nor was Carrion's statement made in his presence, nor upon notice that it would be made, and no opportunity given the accused to cross-examine Carrion concerning the statement. Subsequent to this statement, the accused was delivered into the custody of the Commissioner of Immigration at San Francisco, and on March 9, 1915, a warrant of deportation was issued by the Assistant Secretary of Labor by which it was ordered that the accused be deported to China in accordance with section 21 of the Immigration Act.

Petition for a writ of habeas corpus was thereafter presented to the District Court by one Ow Seong, praying the discharge of the prisoner from the custody of the Commissioner of Immigration, the appellant herein. On June 8, 1915, an order was entered by the District Court discharging the prisoner from the custody of the appellant. The Commissioner of Immigration appeals.

John W. Preston, U. S. Atty., and Caspar A. Ornbaun, Asst. U. S. Atty., both of San Francisco, Cal., for appellant.

Joseph P. Fallon, of San Francisco, Cal., for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge (after stating the facts as above).  [1, 2]
1. It is clear that whatever authority is possessed by the Secretary of

235 F.—54

Labor to deport aliens found in this country is derived from the Immigration Act of February 20, 1907, c. 1134 (34 Stat. 898, 908), and not from the Chinese Exclusion Act of September 13, 1888, c. 1015 (25 Stat. 476), which vests such authority only in United States courts, and justices, judges, and commissioners thereof. This authority is possessed by the Secretary of Labor only when he shall have been satisfied that an alien is subject to deportation under the provisions of the Immigration Act or some other law of the United States, and in such case "he shall cause such alien within the period of three years after landing or entry therein to be taken into custody and returned to the country whence he came." The jurisdiction of the Secretary of Labor is therefore made to depend upon the fact that the alien has entered the United States within the period of three years preceding his arrest by the immigration authorities. United States v. Wong You, 223 U. S. 67, 69, 70, 32 Sup. Ct. 195, 56 L. Ed. 354; Low Wah Suey v. Backus, 225 U. S. 460, 466, 468, 32 Sup. Ct. 734, 56 L. Ed. 1165; Matsumura v. Higgins, 187 Fed. 601, 602, 109 C. C. A. 431.

[3] In overruling the demurrer to the petition, the lower court said:

"This testimony was not taken in the presence of petitioner, but the witness Carrion identified a photograph of petitioner as that of the man seen by him in the laundry at Juarez.

"Under the Chinese Exclusion Act, a Chinese alien unlawfully in the country is entitled to a hearing before a commissioner or judge, before he may be deported. At such hearing the ordinary rules of evidence are generally applied. Under the Immigration Act, however, any alien may be deported after a hearing before the immigration officers at any time within three years after the date of his entry into the United States, if such entry shall have been in violation of law. The claim here is that, as petitioner was identified as having been in Juarez as late as August or September of last year, he must have entered from there in violation of law, as he did not enter through any of the immigration channels. He was not found on the Mexican border, and the only evidence that he had been out of the United States within the three years was the evidence of Carrion, who did not see the petitioner himself for the purposes of identification, but only a photograph.

"The court does not undertake to prescribe rules of evidence for the Immigration Department; but in a case like the present, where the very jurisdiction of the department depends upon the establishment of a certain fact, which fact, when established, takes the alien's case out of the jurisdiction of the courts of the United States where it is placed by the Chinese Exclusion Law, the court is entitled to regard, not perhaps the weight of the evidence, but certainly the character of the evidence by which such a transfer of jurisdiction is effected. In the case at bar we have a Chinaman, resident of this country for 40 years, having a laborer's certificate entitling him to remain, who is not found near the Mexican border line, and who is ordered deported, without being confronted by the witness upon whose testimony the jurisdiction of the Immigration Department to make the order depends.

"In my judgment, while affidavits and ex parte statements, and statements not under oath, have been held admissible in proceedings by the Immigration Department looking to the exclusion or deportation of aliens, the right to remain here of a Chinese person so long a resident of the United States, and who is fortified by the possession of that evidence of his proper presence here which the law requires, should not be made to depend upon the fact that some resident of another country not produced at the hearing has identified a photograph, when such identification is the only thing which could deprive the alien of his right to be heard before a commissioner or judge, where such identification would not be admissible as evidence at all."

2. It is contended by appellant that, from the opinion above mentioned, it is apparent that the lower court considered only the legality of the assistant secretary's finding in the warrant of deportation that the alien was in the United States in violation of section 7 of the Chinese Exclusion Act, and either overlooked or ignored the finding that the alien was in the United States in violation of section 36 of the Immigration Act.

There is nothing in the opinion suggesting that the court either overlooked or ignored the finding that the alien was in the United States in violation of section 36 of the Immigration Act; on the contrary, the decision is based upon the question of jurisdiction of the assistant secretary under that act.

[4-8] 3. It is contended that the fact that the witness Pascual Carrion identified a photograph of the alien as that of a Chinaman he had seen in Mexico, when coupled with the fact that the alien was found in a refrigerator car at Tucson, Ariz., and failed to give a satisfactory account of himself when examined by the immigration authorities, was sufficient evidence to satisfy the Secretary of Labor that the alien had recently entered this country from Mexico; and the cases of Sibray v. United States, 227 Fed. 1, 141 C. C. A. 555, Jeung Bow v. United States, 228 Fed. 868, 143 C. C. A. 266, and Ex parte Wong Yee Toon (D. C.) 227 Fed. 247, are cited in support of the proposition that the hearing before the immigration authorities need not be conducted in accordance with the procedure and rules of evidence which are observed in the courts of law.

But, as said by the court below:

"Where the very jurisdiction of the department depends upon the establishment of a certain fact, which fact, when established, takes the alien's case out of the jurisdiction of the courts of the United States where it is placed by the Chinese Exclusion Law, the court is entitled to regard, not perhaps the weight of the evidence, but certainly the character of the evidence by which such a transfer of jurisdiction is effected."

The accused was arrested in Tucson, Ariz., on February 19, 1915. He was examined by the immigrant inspector on February 20, 1915, and, in reply to questions propounded by the inspector, gave an account of his residence in California and Nevada from the date of his arrival in San Francisco from China in 1873 or 1874 down to his departure from California some months previously. From that statement it appears that he had been employed at well-known places and by well-known persons in California, among others by the Governor of the state. He stated that he had been registered as a resident of Sacramento, Cal. This certificate, admitted as true by the government, was subsequently produced and shows that he was registered in Sacramento, Cal., in March, 1894, under the Act of May 5, 1892. This certificate was prima facie evidence of his right to be in the United States. Moreover, his statement as to his various employments in California was capable of easy verification, if true, or contradiction, if not true. The absence of any such inquiry or examination by the officers, coupled with the certificate of residence, carries the presumption that the statement was true.

A warrant of arrest having been issued by the Assistant Secretary of Labor, the accused was again examined on March 1, 1915, by the immigrant inspector, when the examining officer introduced in evidence the statement of Pascual Carrion, and was asked the following questions:

"Q. What, if anything, have you to say in answer to the testimony of the witness Pasqual Carrion to the effect that you were in Juarez, Mexico, in August or September, 1914? A. If he states that he has seen me in Juarez, Mexico, what can I say? If he says he has seen me there, I cannot say anything else.

"Q. Then you don't deny that this witness did see you in Juarez, Mexico, in August or September, 1914? A. I have never been there, I don't know the place.

"Q. Do you desire to offer any testimony in support of your claim that you have never been in Juarez, Mexico? A. No, I cannot offer any evidence or any witnesses."

Further than his own denial that he had ever been in Mexico, it was probably beyond his power to prove this negative; but, on the other hand, if he had been working in a laundry on Noche Triets behind a carpenter and blacksmith shop in Juarez, Mexico, in August or September, 1914, as recited in the statement of Pascual Carrion, the fact was of easy proof by competent testimony, and it should have been produced. Section 22 of the Act of February 20, 1907 (34 Stat. 898 [Comp. St. 1913, § 959]), authorizes the Commissioner General of Immigration, under the direction of the Secretary of Labor, to establish rules "not inconsistent with law" for carrying out the provisions of the act. Under this authority, certain rules have been established for such service, among others rule 22 relating to the arrest and deportation of aliens on warrant. The rule, so far as pertinent to the present inquiry, is as follows:

"Subdivision 1. Officers shall make thorough investigation of all cases where they are credibly informed or have reason to believe that a specified alien in the United States is subject to arrest and deportation on warrant. All such cases, by whomsoever discovered, shall be reported to the immigration officer stationed nearest the place where the alien is found to be.

"Subd. 2. The application must state facts bringing the alien within one or more of the classes subject to deportation after entry. The proof of these facts should be the best that can be obtained."

The rule of law respecting evidence demands of a party seeking to establish a fact that he produce the best evidence available to him. Greenleaf on Evidence (16th Ed.) § 81; Wigmore on Evidence, § 1173; Jones on Evidence, vol. 2, § 212. And this is the identical rule prescribed by the Department of Labor for the examination of the case of an alien charged with being subject to arrest and deportation under the Immigration Act. Of course, this means that the best evidence must be proper evidence. Jones on Evidence, supra.

The statement of Pascual Carrion recites that he was sworn—by whom, it does not appear—presumably by the examining inspector, but that official had no authority to administer an oath in this case. Whitfield v. Hanges, 222 Fed. 745, 749, 138 C. C. A. 199. Section 24 of the Immigration Act provides that immigration officers shall have power to administer oaths and take and consider evidence touch-

ing the right of an alien to enter the United States. 34 Stat. 906. The inquiry in this case related to the deportation of the accused, and not to his right to enter the United States. He was in the United States, armed with a certificate of registration, and he denied that he had been out of the United States since his registration in Sacramento, Cal., in March, 1894, at the same time accounting for his residence in the United States since that time.

But the statement of Carrion was not the best evidence if it had been made under an oath administered by an authorized officer. The identification of the accused was by means of a photograph; it was not made in the presence of the accused, and the latter had no opportunity to examine the alleged witness concerning the identification or statement. But whether or not the accused had been employed in a laundry in Juarez, Mexico, in August or September, 1914, must have been a matter of easy verification or contradiction by the production of legal testimony, and the officers were employed for that purpose under a rule of the department requiring that the investigation should be thorough. Moreover, the Commissioner General of Immigration, with the approval of the Secretary of Labor, had authority under section 22 of the Immigration Act to detail an immigration officer to make the necessary investigation in Juarez, Mexico. The rule of evidence in this respect is that no evidence shall be admitted which, from the nature of the case, supposes still greater evidence behind in the party's possession or power. Clifton v. United States, 45 U. S. (4 How.) 242, 247, 11 L. Ed. 957. The presumption in such case is that, if the legal testimony had been produced, it would have been unfavorable, if not directly adverse, to the case. Clifton v. United States, supra.

The warrant of deportation recites that Louis F. Post, Assistant Secretary of Labor, has "become satisfied that the alien, Owe Sam Goon, who landed at an unknown port, subsequent to the 1st day of July, 1914, is subject to be returned to the country whence he came under section 21 of the Immigration Act approved February 20, 1907, being subject to deportation under the provisions of a law of the United States, to wit, the Chinese Exclusion Laws." The warrant further recites:

"From proofs submitted to me, after due hearing before Immigrant Inspector Alfred E. Burnett held at Tucson, Ariz., I have become satisfied that the said alien has been found in the United States in violation of the act of Congress approved February 20, 1907, amended by the act approved March 26, 1910."

As has been stated, the Secretary of Labor is not authorized by law to deport aliens under the Chinese Exclusion Law, and there was no legal proof, nor was the best evidence attainable submitted which authorized him to deport the accused under the Immigration Act.

But it is contended that, when the accused was arrested, he was unable to explain the circumstances connected with his presence in a freight car arriving at Tucson from the East. This fact may be a ground for some suspicion and possibly some conjecture as to where he came from; but mere suspicion or conjecture were not sufficient

upon which to base a judgment that transfers the exclusive jurisdiction to make the inquiry from the courts of the United States to the Department of Labor. As has been repeatedly stated, it is not our function to weigh the evidence in this class of cases; but we may properly consider the jurisdictional question of law whether there was evidence to sustain the conclusion that the accused was in the United States in violation of law and subject to deportation under section 21 of the Immigration Act. In the absence of the best evidence attainable to sustain the same, we may also conclude that the order of deportation was arbitrary and unfair, and subject to judicial review. United States v. Ju Toy, 198 U. S. 253, 260, 25 Sup. Ct. 644, 40 L. Ed. 1140; Chin Yow v. United States, 208 U. S. 8, 12, 28 Sup. Ct. 201, 52 L. Ed. 369; In re Chan Kam, 232 Fed. 855, 857, —— C. C. A. ——, and cases therein cited.

The case of Wong Back Sue v. Connell, 233 Fed. 659, —— C. C. A. ——, turned upon other questions than that of jurisdiction of the Department of Labor to issue the order of deportation under section 21 of the Act of February 20, 1907. It is not an authority except upon the questions there involved.

It follows that the order appealed from, granting the petition for a writ of habeas corpus herein, should be affirmed; and it is so ordered.