WHITE, Immigration Com'r, v. TOM YUEN.

(Circuit Court of Appeals, Ninth Circuit. August 6, 1917.)

No. 2776.

ALIENS ⊗=32(8)—DEPORTATION OF CHINESE—SUFFICIENCY OF IDENTIFICATION —STATUTE.

The mere ex parte statement of a resident of Mexico that he was a policeman there, and, when shown a photograph, stated that he knew the original, and had seen him at a race track in Mexico seven or eight months before he made the statement, the identification from the photograph not being made in the presence of its original, a Chinese sought to be deported for having entered the United States from Mexico in violation of Chinese Exclusion Act Sept. 13, 1888, c. 1015, § 7, 25 Stat. 479 (Comp. St. 1916, § 4308), was not sufficient legal foundation for an order of deportation.

Appeal from the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

Petition for habeas corpus by Tom Yuen against Edward White, as Commissioner of Immigration at the Port of San Francisco. From

an order for petitioner's discharge, the Commissioner of Immigration appeals. Order affirmed.

See, also, 230 Fed. 656.

John W. Preston, U. S. Atty., and Casper A. Ornbaun, Asst. U. S. Atty., both of San Francisco, Cal., for appellant.

John L. McNab and Timothy Healy, both of San Francisco, Cal., for appellee.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

HUNT, Circuit Judge. In August, 1915, Tom Yuen, a Chinaman, was arrested at Los Angeles charged with having re-entered the United States in violation of section 7, Chinese Exclusion Act of September 13, 1888, being a Chinese laborer who failed to produce to the proper officer the proper return certificate, and with having entered the United States in violation of section 36, Immigration Act February 20, 1907, c. 1134, 34 Stat. 908 (Comp. St. 1916, § 4285). Section 7, referred to, provides, among other things, that no Chinese laborer shall be permitted to re-enter the United States without producing to the proper officers the return certificate conforming to prescribed requirements. If he possesses such certificate, he may be readmitted only at the point from which he departed the United States. After Tom Yuen's arrest there was an investigation before the immigration authorities, and it resulted that finally it was found that he had entered the United States from Mexico near El Paso, Tex., without inspection, about August 1, 1915, and re-entered in violation of section 7 of the exclusion act of September 13, 1888. The Secretary of Labor issued a warrant of deportation. Tom Yuen then applied for a writ of habeas corpus before the District Court at San Francisco, and set up that he had not had a fair and impartial trial and hearing by the immigration officers. His particular complaint was that there was no evidence that he had entered the United States within the last three years preceding the date of his arrest by the authorities; that he had resided in the United States as a registered Chinese laborer, having been registered at New York on March 2, 1894, and that he was the holder and owner of Chinese laborer's certificate of residence No. 28667. The commissioner of immigration at San Francisco denied the averments of the petitioner with respect to illegal detention, and by stipulation the testimony, evidence, exhibits, and record had and taken at the hearing before the immigration officials were made part of the record and submitted to the District Court. The court held that the petitioner was illegally restrained as alleged in his petition, and ordered his discharge. The commissioner of immigration appeals.

At the examination before the immigration officials the alien said that he had entered the United States at San Francisco about the year 1882; that he went from San Francisco to New York and remained in New York fourteen or fifteen years; that he then returned to San Francisco for a few months, and then went to Lordsburg, N. M., where he lived continuously for six or seven years working at night in a restaurant owned by Tom Tong; that he went from Lordsburg to Los

Angeles, where he was arrested. It is admitted that when arrested he had in his possession laborer's certificate of residence 28667 issued to Tom Yuen, laundryman, 264 West Forty-Seventh street in New York, March 21, 1894. He denied that he had ever been to Mexico. Several persons, Chinese and others, testified before the immigration authorities that they had never seen or heard of Tom Yuen at Lordsburg; on the other hand, some Chinamen and a Mexican, one Marquez, stated by affidavits filed that they had known and seen the man in Lordsburg for some years preceding July, 1915. The only direct evidence that Tom Yuen was seen in Mexico was an ex parte statement by M. O. Acosta, of Juarez, who said that he was a policeman at Juarez, and when shown a photograph of the alien said that he knew the original of the photograph, and had seen him at a race track in Juarez in the latter part of December, 1914, and the early part of January, 1915, or seven or eight months before he made his statement.

The issues in the case are very close to those presented in Backus v. Owe Sam Goon, 235 Fed. 847, 149 C. C. A. 159, recently decided. That was the case of a Chinaman, laborer, ordered deported, and who applied for habeas corpus. The order of deportation was based upon the ground that the alien had entered the United States from Mexico in violation of section 7 of the before-mentioned act, without producing the proper return certificate. We there quoted the several pertinent provisions of the Immigration Act of 1888 and 1907 and the amendments, and held that the mere statement of one in Mexico who identified a photograph of the accused Chinaman, the identification from the photograph not being made in the presence of the accused, and with no opportunity in the accused to examine the identifying witness concerning the statements he makes, is not a sufficient foundation for an order of deportation under the Chinese exclusion law, and said:

"As has been repeatedly stated, it is not our function to weigh the evidence in this class of cases; but we may properly consider the jurisdictional question of law whether there was evidence to sustain the conclusion that the accused was in the United States in violation of law and subject to deportation under section 21 of the Immigration Act. In the absence of the best evidence attainable to sustain the same, we may also conclude that the order of deportation was arbitrary and unfair, and subject to judicial review."

Counsel for the appellant make the point that the order of deportation of the Secretary of Labor was based also upon the ground that Tom Yuen was in the United States in violation of Act Feb. 20, 1907, 34 Stat. 898, having entered in violation of section 36 thereof without the inspection required by the act of all aliens, including Chinese, and argue that a finding in accordance therewith is sufficient to support the order of deportation. Section 36 (4285) provides in part that an alien who enters the United States except at the sea ports thereof or at such places as the Secretary of Labor shall designate, shall be deported as provided by sections 20 and 21 of the Immigration Act (Comp. St. 1916, §§ 4269, 4270). But, as we have found that there was no sufficient showing that the Chinaman ever entered the United States from Mexico, there is no sustained premise upon which the contention can rest.

The order appealed from is affirmed.