QUAN YOU v. WHITE, Immigration Com'r.

(Circuit Court of Appeals, Ninth Circuit. August 20, 1917. Rehearing Denied October 8, 1917.)

No. 2945.

1. ALIENS ⊜⟾32(2)—DEPORTATION OF CHINESE—JURISDICTION.
    The Commissioner of Labor has authority, under Immigration Act Feb. 20, 1907, c. 1134, § 20, 34 Stat. 904 (Comp. St. 1916, § 4269), to order the deportation of a Chinese alien found illegally in this country, within three years after his entry.

2. ALIENS ⊜⟾32(8)—PROCEEDINGS FOR DEPORTATION OF CHINESE—FAIRNESS OF HEARING.
    Proceedings for deportation of a Chinese alien held not unfair, and an order for his deportation sustained by the evidence.

⊜⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

Habeas corpus by Quan You, otherwise known as Low June, against Edward White, Commissioner of Immigration at the port of San Francisco. From an order dismissing the petition, petitioner appeals. Affirmed.

Geo. A. McGowan, of San Francisco, Cal., for appellant.

John W. Preston, U. S. Atty., and Casper A. Ornbaun, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge. The judgment from which this appeal comes sustained a demurrer to a petition in behalf of Quan You, otherwise known as Low June, a native of China, for a writ of habeas corpus, and dismissed it.

[1] This Chinese alien was ordered deported by the Secretary of Labor on the ground that he was found to be illegally in this country, and the first of the two points made in support of the appeal is that the secretary had no jurisdiction in the premises, and that the person so charged to be illegally in the United States was entitled to have the fact determined by the judicial branch of the government. That point is well answered by the cases of Backus v. Owe Sam Goon, 235 Fed. 847, 149 C. C. A. 159, and United States v. Woy You, 223 U. S. 67, 32 Sup. Ct. 195, 56 L. Ed. 354.

[2] The only other point made on behalf of the appellant is that the hearing of the question before the executive officers of the government was unfair, in that he was not "notified of his right to inspect the record, or being informed of the evidence presented against him, or of his right to be present at any future hearings to be had, and being prevented by the inadequacy of his arraignment from knowing how he could be benefited by having counsel to defend him." The record shows that it was stipulated by and between the attorneys of the respective parties that the original immigration record should be considered as part and parcel of the petition for the writ of habeas corpus, and that record was so considered by the court below, and has been brought and submitted here, pursuant to the same stipulation.

Rule 22, promulgated by the Bureau of Immigration of the Department of Labor, provides in part (subdivision 4, paragraph "b") as follows:

"During the course of the hearing the alien shall be allowed to inspect the warrant of arrest and all the evidence on which it was issued; and at such stage thereof as the officer before whom the hearing is held shall deem proper, he shall be apprised that he may thereafter be represented by counsel and shall be required then and there to state whether he desires counsel or waives the same, and his reply shall be entered on the record. If counsel be selected, he shall be permitted to be present during the further conduct of the hearing, to inspect and make a copy of the minutes of the hearing, so far as it has proceeded, and to offer evidence to meet any evidence theretofore or thereafter presented by the government. Objections and exceptions of counsel shall not be entered on the record, but may be dealt with in an accompanying brief.

If during the hearing new facts are proved which constitute a reason additional to those stated in the warrant of arrest why the alien is in the country in violation of law, the alien's attention shall be directed to such facts and reason, and he shall be given an opportunity to show cause why he should not be deported therefor."

Referring to that rule, this court said in the case of Wong Back Sue v. Connell, 233 Fed. 659, 662, 147 C. C. A. 467, 470:

"While this rule may be so arbitrarily applied by immigration officials as to deprive an alien of a full and fair hearing and violate his fundamental rights, as shown in Ong Chew Lung v. Burnett, 232 Fed. 853, 147 C. C. A. 47, in our opinion the rights of the petitioner herein have not been transgressed. His examination appears to have been simply and fairly conducted. The questions asked were confined to material matters, and were expressed in very direct language, apparently used with no desire on the part of the inspector to entrap or oppress or 'catch' the alien. The question, therefore, is whether the fundamental rights of the alien were infringed by the action of the immigration officer in not telling the alien that he could inspect the warrant of arrest and that he had a right to counsel, and inquiring if he wished to avail himself of the right, until after direct preliminary examination of the alien by the inspector had been practically ended. If there were nothing in the record to counteract the injustice of such a course of procedure, we would be very strongly disposed to hold that the alien was not given a fair hearing, as required by law. But it expressly appears that, before any testimony was heard by the inspector, the warrant was read and explained to the alien, and that he was advised of the nature of the proceedings, and that he could be released on bail during their pendency. And while it would seem to be just that prior to a hearing before the immigration officials an alien should also be told of his right to have counsel at the hearing, yet, considering the information given to this petitioner, we cannot say that omission to tell him of his right until after material questions were put and answered invalidated the whole proceeding."

Applying the foregoing observations, with which we are entirely satisfied, to the voluminous record of the proceedings had and taken before the executive officers in the present case, which included the testimony of the petitioner, we think it too obvious to admit of doubt that at the time the appellant obtained, in June, 1912, a return certificate from the government, based upon the representation that he was a member of a certain mercantile firm in California (upon which certificate he was admitted upon his return to this country in 1916), he was not a merchant, but a laundryman in the state of Alabama, and had been such for a number of years, and to which character of labor he returned upon coming back to the United States, and in which he was engaged at the time of his arrest.

It is unnecessary to refer in detail to the record, which we think shows that he had sufficient opportunity to present whatever case he had, and that the order for his deportation was in accordance with the requirements of the law.

The judgment is affirmed.