MAYO, IMMIGRATION COM'R, et al. v. UNITED STATES ex rel. LEE WONG HIN.

(Circuit Court of Appeals, Fifth Circuit. April 12, 1918.)

No. 3198.

ALIENS ⚫⇒21—EXCLUSION OF CHINESE—CONSTRUCTION OF STATUTE.
   Immigration Act Feb. 5, 1917, construing the third proviso of section 19 and the second proviso of section 38 together, does not apply to a Chinese person against whom deportation proceedings were pending at the time of its taking effect, unless some offense was thereafter committed which changed his status.

   Walker, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the Eastern District of Louisiana: Rufus E. Foster, Judge.

Habeas corpus by Lee Wong Hin against John P. Mayo, Commissioner of Immigration, Port of New Orleans, and another. Judgment for relator, and defendants appeal. Affirmed.

See, also, 240 Fed. 368, 153 C. C. A. 294.

⚫⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Joseph W. Montgomery, U. S. Atty., of New Orleans, La., for appellants.

Nicolas G. Carbajal, W. J. Waguespack, and Herbert W. Waguespack, all of New Orleans, La., for appellee.

Before PARDEE, WALKER, and BATTS, Circuit Judges.

BATTS, Circuit Judge. Prior to the passage of the Immigration Act of February 5, 1917 (39 Stat. 874, c. 29), section 21 of the former Immigration Law (Act Feb. 20, 1907, c. 1134, 34 Stat. 905 [Comp. St. 1916, § 4270]) having been invoked against Lee Wong Hin, he sued out a writ of habeas corpus, which was dismissed by the District Judge. This decision on appeal was reversed (240 Fed. 368, 153 C. C. A. 294), upon the ground that that Immigration Act had no application to Chinese persons.

Section 38 of the act of 1917 contains a provision to the effect that:

"This act shall not be construed to repeal, alter, or amend existing laws relating to the immigration or exclusion of Chinese persons * * * except as provided in section 19 hereof."

Section 19 provides for the taking into custody, upon the warrant of the Secretary of Labor, and deportation, of "any alien who shall have entered or who shall be found in the United States in violation of this act, or in violation of any other law of the United States." Section 38 also had a proviso to this effect:

"That nothing contained in this act shall be construed to affect any prosecution, suit, action, or proceedings brought, or any act, thing, or matter, civil or criminal, done or existing at the time of the taking effect of this act, except as mentioned in the third proviso of section 19 hereof; but as to all such prosecutions, suits, actions, proceedings, acts, things, or matters, the laws or parts of laws repealed or amended by this act are hereby continued in force and effect."

The habeas corpus proceeding heretofore referred to was pending at the time of the passage of the act, and the status of relator as an alien within the United States in violation of the Chinese Exclusion Act existed at that time. Under the terms of the proviso last quoted, no part of the act could apply to the relator, except the third proviso to section 19. This proviso is to this effect:

"That the provisions of this section, with the exceptions hereinbefore noted, shall be applicable to the classes of aliens therein mentioned, irrespective of the time of their entry into the United States."

It is difficult to determine just what is meant by the third proviso of section 19; the exception to the last proviso of section 38 is not more clear. To give to the latter the meaning suggested by the government would be to permit the exception to substantially (if not absolutely) destroy the proviso. It may be possible to ascribe a meaning to each clause which would give effect to both. If the third proviso of section 19 be held to make that section applicable to all aliens, without reference to the time of their entry, who do, after the passage of the act, something denounced by the act, and if the last proviso of section 38 be held to preserve the status existing at the time of the

passage of the act as to all aliens who commit no new offense thereafter, consistency and effect would be given to all the language under consideration. Under this view the "things and matters" "as they existed" with reference to relator "at the time of the taking effect of the act"—that is, his status as an alien in the country in violation of the Chinese Exclusion Law—will be dealt with by the law as it was before the passage of the act.

If the conclusion reached does not accord with the intention of Congress, the result is to be ascribed to the use of provisos and exceptions, rather than affirmative language. Chinese persons are brought under a section of the act composed of many provisions, a number of provisos, and several exceptions to provisos, by an exception to a proviso. The application of the act to matters existing at the time of the taking effect is withdrawn by a proviso, which has an exception based upon a proviso, which has exceptions. It is assumed that the exempting proviso was intended to have some effect, and it is not improbable that we are giving it the effect intended.

The judgment is affirmed.

WALKER, Circuit Judge, dissents.