NG LEONG v. WHITE, Commissioner of Immigration.

(Circuit Court of Appeals, Ninth Circuit. October 6, 1919. Rehearing Denied December 1, 1919.)

No. 3301.

1. ALIENS ⬤⟹31—DEPORTATION OF CHINESE ON RE-ENTRY.
    Immigration Act Feb. 5, 1917, § 19 (Comp. St. 1918, § 4289¼jj), providing for the deportation of "any alien who shall have entered or who shall be found in the United States in violation of this act or in violation of any other law of the United States," applies to a Chinese alien who re-entered after its passage, and who re-entered or was found in the United States in violation of prior statutes.

2. ALIENS ⬤⟹32(8)—DEPORTATION OF CHINESE ON FRAUDULENT RE-ENTRY.
    Evidence *held* to sustain findings that a Chinese alien fraudulently re-entered the United States on a certificate as a merchant, when his true status was that of a laborer.

Appeal from the District Court of the United States for the First Division of the Northern District of California; M. T. Dooling, Judge.

---

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Proceeding for deportation of Ng Leong, a Chinese alien. From a judgment denying a writ of habeas corpus to discharge defendant from the custody of Edward White, Commissioner of Immigration of the Port of San Francisco, he appeals. Affirmed.

John L. McNab, of San Francisco, Cal., for appellant.

Annette Abbott Adams, U. S. Atty., and Ben F. Geis, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge. [1] The majority of the Circuit Court of Appeals of the Fifth Circuit, in the case of Mayo, Immigration Commissioner, et al. v. United States, 251 Fed. 275, 163 C. C. A. 431, held that section 19 of the Immigration Act of February 5, 1917 (39 Stat. 874, c. 29 [Comp. St. 1918, § 4289¼jj]), does not apply to a Chinese person against whom deportation proceedings were pending at the time of its taking effect, unless some offense was thereafter committed which changed his status.

In the present case, however, the appellant, who is admittedly a Chinaman, entered this country at the port of San Francisco subsequent to the passage of that act, so that, if he was thereafter found to be illegally in the United States, we think there can be no doubt of the application to him of section 19 of the Act of February 5, 1917, since section 38 thereof (Comp. St. 1918, § 4289¼u) declares that it "shall not be construed to repeal, alter, or amend existing laws relating to the immigration or exclusion of Chinese persons, * * * except as provided in section 19 hereof"; and since the said section 19 provides for the taking into custody upon the warrant of the Secretary of Labor, and the deportation of "any alien who shall have entered or who shall be found in the United States in violation of this act, or in violation of any other law of the United States."

The Secretary of Labor and his subordinate officials of the Immigration Department having found the present appellant to be illegally here, resulting in an order for his deportation, we are therefore to inquire into the legality of those proceedings. By stipulation of the respective parties, the original record "as prepared by the Immigration Department, consisting of the warrant of arrest, testimony, and proceedings had before the Immigration Inspector, and order for deportation of the Immigration Department," has been brought and submitted to this court and has been attentively examined and considered. It shows that the appellant was afforded full and fair opportunity to present his side of the case after knowledge of that made by the government, and that he had a perfectly fair hearing before the officials of the Immigration Department is expressly conceded in the brief of his counsel.

It is urged, however, in behalf of the appellant, who it appears from the record went under various names, that his true status at the time of his departure from the United States for China April 26, 1910, and at the time of his re-entry into this country November 1, 1917, under the merchant's certificate that had been issued to him by the

Immigration Department at the time he left here for China, was that of a merchant, and not that of a laborer, as was found and determined on the hearing below by the government authorities, and in effect by the court.

The case shows that the appellant first came to the United States prior to the enactment of any of the Chinese Exclusion Laws, where he remained continuously for about 25 years, working as cook, and in restaurants in other capacities, at various places in California and Texas, but having during that time acquired, according to his testimony, a $500 interest in a Chinese firm located in San Francisco. For many years immediately preceding his going back to China, and up to about one month prior to his starting on that trip, he was residing in Texas, engaged in the manual labor that has been mentioned. On arriving in San Francisco to take ship April 26, 1910, he procured, through a member of the Chinese firm, in which he testified that he had the interest spoken of, and through two white witnesses, from the immigration authorities of the government, the issuance to him of a merchant's certificate, which certificate, if rightly and fairly issued, entitled the holder, under the law, to re-enter this country without limit as to time; whereas, a laborer's certificate, to which he was unquestionably entitled under the law, permitted his re-entry only within one year thereafter, or a certain limited extension not important to state, since he did not return for about 7 years, to wit, November 1, 1917, when he was admitted by virtue of the certificate that had been issued to him under the circumstances that have been mentioned, and when he promptly proceeded to Texas, where he resumed his former occupation as cook.

[2] We are of the opinion that the evidence clearly justified the findings of the government inspector that the appellant—

"is an alien, subject of China and of the Chinese race, and that he re-entered the United States in violation of section 7 of the Chinese Exclusion Act of September 13, 1888 [Comp. St. § 4308] being a Chinese laborer, who failed to produce to the proper officer the return certificate required by said section; and further, that he entered the United States without inspection, by means of false and misleading statements; further, that he has been found within the United States in violation of section 2, Chinese Exclusion Act of November 3, 1893 [Comp. St. § 4320] having secured admission by fraud, not having been at the time of entry a lawfully domiciled exempt, returning to resume a lawfully acquired domicile and to follow an exempt pursuit in this country"; and his recommendation of the deportation complained of.

The facts of the present case are very different from the facts of the case of United States v. Chin Quong Look (D. C.) 52 Fed. 203, and from the facts in the case of Lau Ow Bew v. United States, 144 U. S. 47, 12 Sup. Ct. 517, 36 L. Ed. 340, that were relied upon by the appellant in the proceedings in the court below. Nor, in our opinion, do our decisions in the cases of Ong Chew Lung v. Burnett, 232 Fed. 853, 147 C. C. A. 47, or Lui Hip Chin v. Plummer, 238 Fed. 763, 151 C. C. A. 613, at all sustain the contention of counsel for the appellant, for the reason that the conclusion of the court below, and that of the officers of the government which it in effect affirmed, was not based upon conjecture or suspicion, but upon substantial evidence going

to show that the merchant's certificate issued to the appellant, and upon which he was readmitted to this country, was obtained by false and fraudulent means.

The judgment is affirmed.