### Ex parte WATCHORN, U. S. Com'r of Immigration.

(Circuit Court, S. D. New York. April 24, 1908.)

1. ALIENS—DEPORTATION OF IMMIGRANTS—CONCLUSIVENESS OF DECISION OF IMMIGRATION OFFICERS.

The determination of the immigration authorities on all questions of fact affecting the right of an alien to enter or remain in the United States is final, even if made on incompetent or inconclusive evidence, but, when the proceedings before them show indisputably that they are acting without jurisdiction, relief may be had by writ of habeas corpus.

2. SAME—RIGHT OF DEPORTATION—CONVICTION OF CRIME AFTER ADMISSION.

While the immigration acts of March 3, 1891, c. 551, 26 Stat. 1084 (U. S. Comp. St. 1901, p. 1294), and of March 3, 1903, c. 1012, 32 Stat. 1213, both excluded aliens who had been convicted of a felony or other crime or misdemeanor involving moral turpitude, and authorized the deportation of aliens who had obtained entry in violation of their provisions, within one year under the former and three years under the later act, there is

no jurisdiction in the immigration officers under either to deport an alien on account of his conviction of a crime in the country from which he came after his admission into the United States.

Petition for Writ of Habeas Corpus.

Giuseppe L. Maggio, for petitioner.

Henry L. Stimson, U. S. Dist. Atty.

WARD, Circuit Judge. This is an application under a writ of habeas corpus to discharge an alien now detained at Ellis Island and recommended for deportation by a board of special inquiry. No appeal has been taken to the Secretary of Commerce and Labor. The alien first came to the United States in 1902, returned temporarily to Italy in February, 1905, came back to this country October 12, 1905, was inspected and admitted by the immigration authorities, and in November, 1907, was married in this country. He was arrested at Rochester in this state, where he resides, under a warrant issued by Charles Earle, Acting Secretary of Commerce and Labor, dated March 17, 1908, charging him with entering the United States without inspection, and directing him to be brought before a board of special inquiry at Ellis Island to show cause why he should not be deported for that reason. Several hearings were had before the board, in the course of which it was proved without contradiction that he had been regularly inspected and admitted by the immigration authorities in October, 1905, and that he had then stated that he had originally come to this country in 1901 and had remained until 1904. April 17, 1908, the Acting Secretary amended his original warrant by a telegram to the Commissioner of Immigration at Ellis Island so as to charge the alien with having been convicted of a felony or other crime or misdemeanor involving moral turpitude. A certificate was produced under the seal of the Tribunal of Caltanicetta, Italy, signed by the clerk but not otherwise authenticated, dated January 16, 1908, professing to be a copy of a conviction in that tribunal March 16, 1906, in his absence, of one Tabone Calogero of the crime of rape committed in the month of July, 1905. There was evidence, though he stoutly denied it, that the alien had admitted to the officers who arrested him both his guilt and conviction of the crime charged, and in the presence of the board he was confronted with and identified by the person on whom it was alleged the crime was committed. When the alien came to this country in 1901 the act of March 3, 1891, c. 551, 26 Stat. 1084 (U S. Comp. St. 1901, p. 1294), was in force which excluded aliens "who have been convicted of a felony or other infamous crime or misdemeanor involving moral turpitude." The act of March 3, 1903, c. 1012, 32 Stat. 1213, which was in force when he returned tó this country in 1905, provided for the exclusion of aliens "who have been convicted of a felony or other crime or misdemeanor involving moral turpitude." The alien in this case was not convicted of the crime charged, even if full force and credit be given to the Italian certificate, either when he originally came to this country or when he returned in 1905, because the trial took place March 14, 1906, in his absence and after his return.

Passing over various objections I come to the one on which the case turns, namely, that the alien could not be found to be in this country in violation of the law within three years of his entry in 1901, and was not convicted of a crime either before his original entry in 1901 or before his return after a temporary sojourn in Italy in 1905. Doubtless the determination of the immigration authorities upon all questions of fact, even if made upon legally incompetent or inconclusive evidence, is final, but when the proceedings before them show indisputably that they are acting without jurisdiction, relief may be had by writ of habeas corpus. Gonzales v. Williams, 192 U. S. 1, 24 Sup. Ct. 177, 48 L. Ed. 317, was such a case and in it, as in the case now under consideration, only a question of law was involved.

Under the act of 1891 aliens who had come to this country in violation of law could only be deported within one year after their arrival, and section 21 of the Act of 1903, only gave the Secretary of Commerce and Labor the right to deport an alien within three years after his entry in case he should be satisfied that the alien was "found in the United States in violation of this act." The violation of the act relied upon is a conviction, but it took place after the alien had come to this country whether it was in 1901 or in 1905. The alien is discharged, but in accordance with Supreme Court Rule 34 (6 Sup. Ct. iii), if the respondents wish to appeal, upon giving recognizance with surety in the sum of $500, conditioned to appear and answer the judgment of the appellate court.