**WHITE, Commissioner of Immigration, v. CHAN WY SHEUNG.** [*]

(Circuit Court of Appeals, Ninth Circuit. February 7, 1921.)

No. 3516.

1. Aliens ⏦32(5)—Burden of proof rests on Chinese applicant for admission to prove citizenship.

　　The burden of proof rests on a person of the Chinese race, seeking admission to the United States on the ground that he is a son of an American-born citizen.

2. Aliens ⏦32(9)—Informality of hearing by immigration officials does not establish unfairness.

　　A denial of a fair hearing to a Chinese applicant for admission is not established by showing that the decision of the immigration officials was

against the weight of the testimony, nor that evidence was considered which, under the rules of evidence as applied in courts of law, was inadmissible.

**3. Aliens ☞32(13)—Prior decisions of immigration department not an estoppel.**

The prior admission by the immigration officials of the father and two brothers of a Chinese applicant on the ground of citizenship *held* not an adjudication which precluded a reconsideration of the question of the father's citizenship on his application.

Appeal from the District Court of the United States for the First Division of the Northern District of California; Frank H. Rudkin, Judge.

Habeas corpus by Chan Wy Sheung against Edward White, Commissioner of Immigration, Port of San Francisco. From a judgment awarding the writ, defendant appeals. Reversed and remanded with instructions.

For opinion below, see 262 Fed. 221.

Frank M. Silva, U? S. Atty., and Ben F. Geis, Asst. U. S. Atty., both of San Francisco Cal., for appellant.

Joseph P. Fallon, of San Francisco, Cal., for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The appellee was born in Ding Boy village, China, and lived there until he left China to come to San Francisco, where he arrived July 23, 1918. He clamed admission on the ground that he was the foreign-born son of Chan Young, who was alleged to have been born in the United States. He was denied admission after a hearing before a board of special inquiry, a decision which, on appeal to the Secretary of Labor, was affirmed. In the petition for habeas corpus, it was alleged that the decision of the immigration officials, in view of the conclusive character of the evidence, amounted to abuse of discretion. Upon the hearing in the court below on the return to the writ the appellee was ordered discharged from custody. From that order this appeal is taken.

The ground on which the appellee was denied admission by the immigration officials was that the American citizenship of his alleged father, Chan Young, was not satisfactorily established. It appeared on the hearing that Chan Young was admitted to the United States in December, 1899, as a native-born citizen, on the evidence of his father, Chan Wong, and another Chinese witness, that he was born in San Francisco on a specified date in the year 1875. It was also shown that in the year 1909 or 1910 Chan Way Bon, a son of Chan Young, was admitted as a son of a native-born citizen, and that in 1917 Chan Way Ging, another son of Chan Young, was likewise admitted as the son of a native-born citizen. The evidence on which the appellee was excluded, notwithstanding the admission of Chan Young and two of his sons, was that, on the hearing of the appellee's application, evidence came to light which discredited the testimony that Chan Young was born in the United States. One item of that evidence

was that on June 2, 1899, Chan Young, having just arrived from China, filed at Victoria, B. C., a statement and declaration for registration as a laborer, in which he stated that he was born at Ding Boy, Sun Woy district, China, and that his age was 25 years. Another item was a certified copy of the application for a certificate of residence made at San Francisco by Chin Wong, grandfather of the appellee, on April 10, 1894. Chin Wong therein deposed that he arrived in the United States at the port of San Francisco in May, 1876, and his application was accompanied by the affidavit of Chin Jow, who also said that Chin Wong arrived in the United States in May, 1876. Upon this evidence the board of special inquiry found that Chan Young could not have been born here in 1875, and that in fact he was born in China and obtained admission to the United States by fraud.

The court below expressed doubt whether the declaration made at Victoria was made by the father of the appellee or by some other, and was in doubt whether either of the items of evidence was competent or admissible against the appellee, but reached the conclusion that in any event the department should be bound by its own prior adjudications, made at a time when the witnesses who had knowledge of the facts were living and able and competent to testify, and that it would be gross injustice to exclude the appellee after the death of his father and grandfather had rendered it impossible to explain or contradict the statements so received in evidence against him.

[1, 2] The ground on which the appellee claimed his right to discharge, as alleged in the petition for the writ, was abuse of discretion by the immigration officials, in that they disregarded conclusive evidence that the appellee was entitled to admission as the son of a native-born citizen of the United States. The burden of proof was upon the appellee to show that his father was born in the United States, Lee Yuen Sue v. United States, 146 Fed. 670, 77 C. C. A. 96, and a denial of a fair hearing cannot be established by showing that the decision of the immigration officials was against the weight of the testimony. Chin Yow v. United States, 208 U. S. 8, 28 Sup. Ct. 201, 52 L. Ed. 369. It is not open to the courts to consider either the admissibility or the weight of proof according to the ordinary rules of evidence, and the fact that the rules of evidence as applied in courts of law are violated does not show that the hearing was unfair. Healey v. Backus, 221 Fed. 358, 137 C. C. A. 166; Ex parte Watchorn (C. C.) 160 Fed. 1014; In re Jem Yuen (D. C.) 188 Fed. 350; Frick v. Lewis, 195 Fed. 693, 115 C. C. A. 493; Lee Lung v. Patterson, 186 U. S. 168, 176, 22 Sup. Ct. 795, 46 L. Ed. 1108. In a case where, as here, there is evidence to sustain it, the decision must be accepted. United States v. Uhl (D. C.) 211 Fed. 628; Ong Chew Lung v. Burnett, 232 Fed. 853, 147 C. C. A. 47; McDonald v. Sin Tack Sam, 225 Fed. 710, 140 C. C. A. 584.

There is substantial evidence of the identity of Chan Young with the Chinese person who appeared upon the Canadian records as arriving at Victoria June 2, 1899, and as sailing therefrom on the steamship Umatilla for San Francisco on December 20, 1899, and who arrived at San Francisco December 23, 1899, and was admitted December

26, 1899. The testimony of the two Chinese witnesses that Chan Young was born in San Francisco in 1875 is no stronger or more entitled to credence than the testimony of the two Chinese witnesses who testified that Chan Young's father first came to the United States in 1876, and there is in addition the evidence of Chan Young himself who stated when he arrived in Victoria in 1899, that he was 25 years of age at that time, and that he was born in China. We are not warranted in holding that the proof of Chan Young's American citizenship is conclusive, or that there was no substantial evidence to sustain a finding to the contrary.

[3] It remains to be considered whether the judgment of the court below is sustainable on the ground on which it was based, that the department should have been bound by its own prior adjudications in admitting the appellee's father and his two brothers as citizens of the United States. The board of immigration is not a court. It is an instrument of the executive power, and its decisions do not in a technical sense constitute res adjudicata (Pearson v. Williams, 202 U. S. 281, 285, 26 Sup. Ct. 608, 50 L. Ed. 1029), and the department is not bound by its prior decisions in admitting aliens to the United States (Haw. Moy v. North, 183 Fed. 89, 105 C. C. A. 381; Lew Quen Wo v. United States, 184 Fed. 685, 106 C. C. A. 639; Li Sing v. United States, 180 U. S 486, 21 Sup. Ct. 449, 45 L. Ed. 634). We are unable to see how any principle of estoppel can apply in favor of the appellee from the fact that his father and his two brothers were admitted to the United States as citizens thereof. The appellee was in no sense a party to the proceedings in which those decisions were made, and he was not represented therein. His right to enter the United States depends solely upon the question whether his father was born in the United States. On his application for admission that question was determined adversely to him.

The judgment of the court below is reversed, and the cause is remanded, with instructions to dismiss the writ and remand the appellee to custody.