**Ex parte YEE HING PAN.**

(District Court, W. D. of Washington, N. D. March 21, 1927.)

No. 11349.

**1. Aliens ⬤⟳32(18)—Abuse of discretion in disregarding evidence of citizenship of father of one claiming as foreign-born son held not shown.**

Evidence *held* not to establish that immigration officials, passing on application for admission as foreign-born son of native-born citizen, abused discretion in disregarding evidence of citizenship of alleged father.

**2. Aliens ⬤⟳32(5)—Person claiming as foreign-born son of native-born citizen has burden of proving father's birth as such.**

One claiming admission as foreign-born son of native-born citizen has burden of proving that his father was born in the United States.

At Law. Application by Yee Hing Pan for a writ of habeas corpus. Writ denied.

John J. Sullivan, of Seattle, Wash., for petitioner.

Thos. P. Revelle, U. S. Atty., and C. T. McKinney, Asst. U. S. Atty., both of Seattle, Wash., for the United States.

NETERER, District Judge. Petitioner was born in China, and arrived at the port of Seattle June 27, 1926, and applied for admission as a foreign-born son of Yee Ah Sing, alleged native-born citizen. He was denied admission after hearing before a board of special inquiry. This denial was affirmed on appeal by the Secretary of Labor. He alleges that he was denied a fair hearing, that the blood relationship between the petitioner and Yee Ah Sing is conceded, and that he was denied admission because it is not established that Yee Ah Sing was a native-born citizen.

It is contended that the citizenship status of Yee Ah Sing was conclusively adjudicated by United States Commissioner William S. Woodward, at Plattsburgh, N. Y., on May 8, 1901, and that in 1910 he was again admitted, after appeal to the Secretary of Labor, upon denial, by the sustaining of his appeal, and that his citizenship status has been recognized by the Department of Labor during said time.

[1, 2] The charge of the petitioner of abuse of discretion by the immigration officials in disregarding the evidence of citizenship of the alleged father is not sustained. The burden of proof is upon the petitioner to show that his father was born in the United States. Judge Gilbert for the appellate court in White v. Chan Wy Sheung, 270 F. 764, at 766, says:

"The burden of proof was upon the appellee to show that his father was born in the United States, Lee Yuen Sue v. United States, 77 C. C. A. 96, 146 F. 670, and a denial of a fair hearing cannot be established by showing that the decision of the immigration officials was against the weight of the testimony. * * * It is not open to the courts to consider either the admissibility or the weight of proof according to the ordinary rules of evidence, and the fact that the rules of evidence as applied in courts of law are violated does not show that the hearing was unfair. * * *"

The adjudicated certificate before United States Commissioner Woodward, in which a discharge was granted, was in the case of one Ah Sing, and not *Yee* Ah Sing, as contended here, and in that case, Ah Sing was shown to be born in San Francisco, while the petitioner's alleged father claims to have been born in Portland, Or. It is also contended by the Immigration Department that

the certificate issued by Woodward to Ah Sing was spurious; that a number of certificates and the official seal of the commissioner were stolen, and that at least eight spurious certificates are outstanding, issued to Ah Sing; and that the seal upon the certificate of Ah Sing is clearly a forgery, as a comparison with the recognized legal seal confirms, in the placing and arrangement of some of the letters and quotation marks used, together with the produced impression of the seal.

The court cannot say that the petitioner was not accorded a fair hearing. The writ is denied.