**CHIN QUONG MEW ex rel. CHIN BARK KEUNG v. TILLINGHAST, Commissioner of Immigration.**

Circuit Court of Appeals, First Circuit. February 9, 1929.

No. 2288.

Walter Bates Farr, of Boston, Mass. (Everett Flint Damon, of Boston, Mass., on the brief), for appellant.

John W. Schenck, Asst. U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Boston, Mass., on the brief), for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is an appeal from a decree of the District Court for Massachusetts dismissing the petition of the appellant for a writ of habeas corpus and denying the writ.

The appellant, Chin Bark Keung, on June 6, 1928, applied for admission to the country as the foreign born son of Chin Ng Ark, an American citizen of Chinese descent. He was examined before the Board of Special Inquiry at Boston, which rendered an excluding decision against him on the ground that the claimed relationship had not been reasonably established. An appeal was taken to the Secretary of Labor, and the Board of Review, after considering the matter, recommended that the appeal be dismissed. The Assistant Secretary so ordered.

It appears that when the matter was before the Board of Review, it did not rest its decision upon the evidence taken before the Board of Special Inquiry contained in the appeal record, but also took into consideration extraneous matter—from what source derived does not appear. This is shown by the following recital from its report: That while the alleged father was in China from 1920 to 1923, a young Chinese applied for admission at Boston as one of his sons; that it developed that that applicant was an impostor, and that his coming to this country had been engineered by a Chinese with whom the alleged father in this case had left his certificate of identity when he departed for China; that the impostor must have been coached to a great extent regarding the alleged father's family and village in China, because he gave information substantially in harmony with later testimony of the sons of the alleged father who have been since admitted; that four of his alleged sons were admitted from 1924 to 1926 and their photographs all show a general resemblance to the alleged father; that the present applicant bears a strong likeness to the alleged father, which feature had given the Board of Review considerable concern in determining its attitude in this case. It then stated that the impostor referred to bore a general resemblance to the alleged father, so that a close resemblance in itself could not be regarded as definite proof of the relationship, and concluded, considering the case as a whole, that the proof of relationship was materially defective.

The applicant was not informed by the Board that such evidence would be received and considered and was given no opportunity to refute or explain it. It was undoubtedly used and given weight by the Board in reaching its conclusion. Such conduct was highly prejudicial and rendered its decision unfair.

The decree of the District Court is vacated, and the case is remanded to that court for trial upon the merits.