474

CHIN LIM v. NAGLE, Commissioner of Immigration.

No. 5965.

Circuit Court of Appeals, Ninth Circuit.
Feb. 24, 1930.

Marshall B. Woodworth, of San Francisco, Cal., for appellant.

George J. Hatfield, U. S. Atty., and Lucas E. Kilkenny, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

WILBUR, Circuit Judge.

Chin Chuck, the petitioner, a citizen of the United States, petitioned for a writ of habeas corpus to secure the discharge of his alleged son, Chin Lim, in custody of the immigration authorities who are holding him under deportation order entered on appeal by the Secretary of Labor. It appears from the petition that the alleged father, the petitioner, the applicant, the alleged son, and one Lee Kan, who claimed to be a brother-in-law of Chin Chuck, all testified that the applicant was the son of the petitioner Chin Chuck by his wife Jee Shee, to whom he was married in 1894. It also appears that in 1904, when the petitioner was seeking admission to the United States, he and Lee Kan testified under oath that he was not then married. They now testify with equal positiveness to the fact that he was then married. The petitioner claims that the reason he testified falsely in 1904 was because he believed it was necessary to do so because of the rulings of the Department of Labor, to the effect that a married man could not be admitted to the United States, and some complaint is made that the petitioner was not permitted to prove that the Commissioner had so ruled, the idea apparently being that as he had a good reason for committing perjury in 1904 and has no reason for committing perjury now his story now should be believed rather than the story told in 1904. The fact is that his motive has merely shifted. It was important in 1904, as he erroneously believed, to prove that he was unmarried in order to secure his admission into the United States. Now, to secure the admission of the applicant, his alleged son, it is equally important to establish the opposite fact. However that may be, it was the duty of the immigration authorities to determine which statement they would act upon, and the fact that they acted upon the statement made in 1904, rather than on the latter statement made in 1928, constitutes no reason for holding that the applicant was not accorded a fair hearing. The statements made by the alleged father to the immigration authorities at the time of his entrance in the United States in 1904 were properly considered by them in connection with those made at this hearing. The discrepancy in the testimony was on a most material matter. It was necessary for the applicant for admission to prove to the immigration authorities that he was the legitimate son of Chin Chuck. This required him to establish the marriage. The petition therefore fails to show that the applicant was denied a fair hearing, and for that reason neither justifies nor requires the issuance of a writ of habeas corpus. The trial court proceeded in this matter in accordance with an order of the District Court Judges in the Southern Division of the Northern District of California of November 28, 1898, published as a footnote to the opinion in the case of Ex parte Tom Woo Chun (D. C.) 29 F.(2d) 760. This order is in accordance with the general principles governing proceedings on habeas corpus, as stated therein, and was adopted to correct the lax practice theretofore permitted in such cases, which the petitioner now seeks to invoke.

Order affirmed.