### FLYNN ex rel. LUM HAND v. TILLINGHAST, Commissioner of Immigration.

No. 2698.

Circuit Court of Appeals, First Circuit.

Dec. 17, 1932.

Walter Bates Farr, of Boston, Mass. (Everett Flint Damon, of Boston, Mass., on the brief), for appellant.

John W. Schenck, Asst. U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Boston, Mass., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

MORTON, Circuit Judge.

The petitioner claims admittance as the son of Lum Ack Wei, a native-born citizen of this country. The immigration tribunals found that the relationship exists as claimed; but they held that the citizenship of the father had not been satisfactorily established. The only question before us is whether the evidence in support of the father's citizenship was so clear and convincing that the refusal to accept it was arbitrary and unfair.

Lum Ack Wei's testimony was, in outline, that he was born in San Francisco in 1875; that he went to China with his parents in 1878; that he married there, and his son, the petitioner, was born there; that he (Lum Ack Wei) returned to this country through Richford, Vt., in 1896 and has resided here ever since. His story was told with much detail. There was no contradiction of it, nor were any facts developed which were regarded as casting doubt upon the truth of it. It was supported by two documentary corroborations: (1) A certificate issued by United States Commissioner McGettrick which certified that Lum Ack Wei was arrested at Richford, Vt., on deportation proceedings, was tried before him at St. Albans, Vt., on that charge in 1896, and was discharged on the ground that he was a citizen of the United States; (2) a registration card of Lum Ack Wei in the military census in New York in 1916, the genuineness of which is not questioned.

The immigration tribunals found that the McGettrick certificate was genuine, and they apparently believed that it related to the present holder—no suggestion to the contrary is made in their decisions. In the decision in the board of special inquiry, it is stated: "The said certificate appears to be genuine, but it is not legal evidence of an adjudgment"—citing cases. In the decision of the Board of Appeals it is said: "The discharge certificate, not being proof of a judgment, cannot be accepted as *establishing* (italics mine) the claim that this alleged father has been judicially recognized as a citizen."

Without giving the certificate the effect of a judgment, it can hardly be said that its possession by Lum Ack Wei, it being admittedly genuine, did not have strong probative force in support of his testimony that he had come into the country through Richford and St. Albans in 1896, and had there been arrested on deportation charges, and had been discharged because it was found that he was a citizen of this country. It appeared in evidence that the late Commissioner McGettrick's records were incomplete and did not cover the date on which the certificate was issued, and that it was impossible to obtain the complete copy of the record which legal formality demands. The petitioner is not at fault because the records are lost; he produced the best evidence available of the proceedings.

The value of the certificate as corroborating evidence of the truth of the father's story—an important matter as the decision turned on whether his story was true—seems to have been overlooked by the immigration tribunals. Though not bound by the rules of evidence, they applied a highly technical rule—disregarding its limitations and qualifications—in such a way as to deprive the petitioner of a very important piece of evidence. The military census card shows that the father was resident here as early as 1916. The Board of Appeal comments on his failure to register under the Selective Service Act (50 USCA § 226 note); but it is at least doubtful whether he was not past the registration age.

■■ The father's testimony as to his citizenship was consistent in itself, was not contradicted in any manner, and was supported by official documents of unquestioned validity. Such evidence of citizenship could not be fairly rejected without good reason therefor. The only reason relied on by the immigration tribunals was that one Moy Pink Fun, called as a witness by the applicant, proved on examination to be very untruthful in incidental matters; e. g., whether he had testified in certain other cases, etc. At the time when he testified, this witness was 83 year old, and his evidence strongly suggests mental irresponsibility. We do not think that this testimony reasonably warranted the rejection of the strong evidence as to Lum Ack Wei's citizenship.

It has been decided, though with a strong dissenting opinion, that questions of citizenship arising in immigration proceedings are to be dealt with in the same way as other questions, not jurisdictional in character, arising in such proceedings; that an American citizen who leaves the country may find himself legally exiled by administrative decision without a judicial hearing. United States v. Ju

310

Toy, 198 U. S. 253, 25 S. Ct. 644, 49 L. Ed. 1040. In Ng Fung Ho v. White, Commissioner, 259 U. S. 276, 42 S. Ct. 492, 66 L. Ed. 938, however, it was subsequently held that persons resident in this country who claim to be citizens are entitled to a judicial hearing on that question. See, too,. Crowell v. Benson, 285 U. S. 22, at page 54 et seq., 52 S. Ct. 285, 76 L. Ed. 598. As to whether the Ju Toy Case, supra, is still law it is unnecessary for us to express an opinion. It is well settled that, when a claim of citizenship, which is more than colorable and presents a real question, is denied by the Immigration tribunals, the courts will scrutinize the proceedings with great care to the end that American citizens shall not be unjustly deprived of their citizenship. "It is better that many Chinese immigrants should be improperly admitted than that one natural born citizen of the United States should be permanently excluded from his country." Clarke, J., Kwock Jan Fat v. White, 253 U. S. 454 at 464, 40 S. Ct. 566, 570, 64 L. Ed. 1010. See, too, In re Can Pon, 168 F. 479 (C. C. A. 9th). In the present case the reasons on which the immigration tribunals rejected the evidence offered on behalf of Lum Ack Wei seem to us quite insufficient. Their action was unreasonable and arbitrary. It. "was contrary to the 'indisputable character of the evidence.'" Lamar, J., Interstate Commerce Commission v. Louisville & Nashville R. R. Co., 227 U. S. 88 at page 91, 33 S. Ct. 185, 187, 57 L. Ed. 431.

The decree of the District Court is reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion.