## NG HEU YIM v. BONHAM, District Director of Immigration and Naturalization.*
### No. 7944.

Circuit Court of Appeals, Ninth Circuit.

Oct. 28, 1935.

Fred H. Lysons, of Seattle, Wash., for appellant.

J. Charles Dennis, U. S. Atty., and F. A. Pellegrini, Asst. U. S. Atty., both of Seattle, Wash., for appellee.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant, a Chinese person, sought admission to the United States, claiming to be a native-born citizen thereof who, as a child, had gone to China, and was entitled to re-enter. A Special Board of Inquiry, appointed under section 17 of the Immigration Act of February 5, 1917, c. 29, 39 Stat. 887, 8 USCA § 153, determined, after hearing, that appellant should not be admitted. On appeal, the Secretary of Labor upheld this determination. Appellant then petitioned the District Court for a writ of habeas corpus,

*Rehearing denied Dec. 20, 1935.

and, from an order denying his petition, has appealed to this court.

■ The Secretary's decision denying appellant admission to the United States is final and conclusive upon the courts, unless it be shown that the proceedings were manifestly unfair or conducted in an unlawful or improper way, or that there was a manifest abuse of discretion. Quon Quon Poy v. Johnson, 273 U. S. 352, 358, 47 S. Ct. 346, 71 L. Ed. 680; Kwock Jan Fat v. White, 253 U. S. 454, 457, 40 S. Ct. 566, 64 L. Ed. 1010; Low Wah Suey v. Backus, 225 U. S. 460, 468, 32 S. Ct. 734, 56 L. Ed. 1165; Tang Tun v. Edsell, 223 U. S. 673, 675, 32 S. Ct. 359, 56 L. Ed. 606; Chin Yow v. United States, 208 U. S. 8, 11, 28 S. Ct. 201, 52 L. Ed. 369; United States v. Ju Toy, 198 U. S. 253, 261, 25 S. Ct. 644, 49 L. Ed. 1040.

■ Appellant charges that the Board of Special Inquiry and the Secretary of Labor acted unfairly, arbitrarily, and capriciously in rejecting and dismissing from consideration evidence which, appellant says, established his birth in the United States, and which, he says, was "uncontroverted and free from material discrepancy." This charge is not supported by the record. Appellant produced no birth certificate or other documentary proof that he was born in the United States. He testified before the Board on August 13, 1934, that he was born at Ogden, Utah, on February 2, 1903, and that when he was nine or ten years old he, with his father, mother, two brothers, and a sister, went to China, all of them traveling on the same ship and sleeping in the same room during the voyage. On March 2, 1935, at a further hearing before the Board, appellant testified that, in going to China, he and other members of his family did not travel together or on the same ship, but that he and one brother went on one ship from San Francisco to China, that the other members of his family went first to Mexico, and thence, on another ship, to China, and that his previous testimony on this subject was false. In view of this admitted falsity, the Board and the Secretary were warranted in rejecting the whole of appellant's testimony. Ngai Kwan Ying v. Nagle (C. C. A.) 62 F.(2d) 166; Yee Sing Jong v. Nagle (C. C. A.) 40 F.(2d) 907; Chin Lim v. Nagle (C. C. A.) 38 F.(2d) 474; Moy

Chee Chong v. Weedin (C. C. A.) 28 F.(2d) 263; Weedin v. Ng Bin Fong (C. C. A.) 24 F.(2d) 821.

■ John Walker, a white witness of good character and unquestioned veracity, testified that between 1900 and 1912 he was well acquainted with Ng Ah Lim, the alleged father of appellant; that Ng Ah Lim and his wife then lived at Ogden, Utah, and had several children, one of whom was a boy known to the witness as Ng Heu Yim; that the witness first saw this boy when he (the boy) was two or three months old; that he was "more or less familiar" with him thereafter until the family left Ogden in 1912 or 1913, the boy being then about nine or ten years old; that the witness did not see the boy again until 1933, at which time he went to the Immigration Office at Seattle for the purpose of identifying, and did then and there identify, appellant as the boy whom he had last seen at Ogden more than twenty years before. The witness stated that he was able to make this identification because of the "very striking resemblance" between appellant and his alleged father; that appellant "looks exactly like I expected him to look. He is just like his father was when I first saw his father, except that he is a little thinner. He looks like he looked when he was a little boy." Asked if he could positively identify appellant, the witness stated: "He looks like Heu Yim to me. I could be fooled, but I do not think so."

This is far from constituting "uncontroverted evidence" that appellant was born in the United States. All it amounts to is that the witness Walker believed that appellant and the Chinese boy whom he had known twenty years previously were one and the same person. The Board of Special Inquiry, who saw and observed appellant, did not accept or share this belief. It cannot be said that, in rejecting it, the Board abused its discretion or acted unfairly or improperly. Tang Tun v. Edsell, supra, 223 U. S. 673, page 681, 32 S. Ct. 359, 56 L. Ed. 606; Hung You Hong v. United States (C. C. A.) 68 F.(2d) 67; Au Wee Sheung v. United States (C. C. A.) 44 F.(2d) 681.

No other witness testified that appellant was born in the United States. There is, therefore, no basis for the claim that the Board or the Secretary unfairly, ar-

bitrarily, or capriciously rejected "uncontroverted" evidence to that effect.

 Appellant complains of the Board's action in rejecting a statement by the Honorable L. B. Schwellenbach, United States Senator from the state of Washington, to the effect that appellant was "the most distinctive looking Chinese" he had ever seen. In his brief appellant refers to Senator Schwellenbach as a "witness" and to his statement as "testimony." As a matter of fact, the Senator was not a witness and gave no testimony in the case. The statement referred to was contained in a letter to the Commissioner of Immigration. Though not sworn to, it appears to have been given respectful consideration. The Board concluded, however, and we think was justified in concluding, that the Senator's statement had no materiality "with respect to the identity or admissibility of the applicant." Appellant's contention that, in so holding, the Board showed prejudice or unfairness cannot be sustained.

Order affirmed.