**JUNG YEN LOY v. CAHILL, Com'r of Immigration, etc.**

No. 7967.

Circuit Court of Appeals, Ninth Circuit.

Feb. 10, 1936.

---

810

Stephen M. White, of San Francisco, Cal., for appellant.

H. H. McPike, U. S. Atty., and Robert L. McWilliams, Asst. U. S. Atty., both of San Francisco, Cal. (Arthur J. Phelan, U. S. Immigration and Naturalization Service, of San Francisco, Cal., on the brief), for appellee.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

HANEY, Circuit Judge.

The District Court for the Northern District of California denied appellant's petition for a writ of habeas corpus, and appellant seeks in this proceeding a review of the order of denial so entered.

The appellant, a male of Chinese descent, was born in China on October 28, 1924. Upon arrival from China, he applied for admission to the United States under a citizenship status, claiming that he was the son of Jung Goey Fook, an American citizen.

It is conceded that the appellant is the son of his claimed father, Jung Goey Fook; it is, however, said that the evidence does not satisfactorily establish that Jung Goey Fook is an American citizen.

The immigration records establish that the appellant's father, Jung Goey Fook, was first admitted to the United States in September, 1909, and has made four trips to China, as follows: Departed in October, 1913, and returned in July, 1914; departed in February, 1921, and returned in June, 1922; departed in December, 1923, and returned in April, 1925; departed in January, 1933, and returned in July, 1934. He was admitted in the first instance as an American citizen, upon the ground that his father, Jung Foo Wan, was a native-born citizen of the United States, and, on the occasion of each departure from and return to the United States, his American citizenship was reaffirmed. In December, 1931, Jung Goey Fook's oldest son, Jung Hong Loy, was admitted to the United States as a citizen; his citizenship having been conceded upon the basis of the citizenship of his father. On June 5, 1917, Jung Goey Fook registered at Mason City, Iowa, for the military draft.

At a hearing before the Board of Special Inquiry, the appellant testified that his paternal grandfather is Jung Wing Hong and not Jung Foo Wan, the native-born citizen.

A Board of Special Inquiry heard and denied appellant's application; upon appeal therefrom the Secretary of Labor confirmed the action of the Board of Special Inquiry. Both parties herein admit that the decision adverse to appellant is based upon the testimony of appellant.

Appellant urges two legal points, namely: (1) The immigration authorities, in concluding that in this proceeding it is not satisfactorily shown that appellant's father is an American citizen, have acted unreasonably and unfairly; and (2) that the same authorities acted unfairly herein in omitting to direct the attention of appellant's father to the testimony of appellant.

■ The Congress has designated the Department of Labor and through it the Immigration Service as the administrative agency authorized to make final decision with respect to the immigration and exclusion laws of this country. The decisions, findings, and orders of that service are and should be reviewable in the courts, but such review does not reach the point of a trial de novo. It is limited to an examination of the record to determine if (1) the hearing was fair, (2) whether or not opportunity was afforded the applicant to present his claims, (3) if the examining officers were guilty of any unlawful or improper act or abused the discretion vested in them. Beyond such examination courts should not go. Quon Quon Poy v. Johnson, 273 U.S. 352, 358, 47 S.Ct. 346-348, 71 L.Ed. 680, 683. For affirmation of this rule, see Chin Yow v. U. S., 208 U.S. 8, 28 S.Ct. 201, 52 L.Ed. 369, followed with express approval in Kwock Jan Fat v. U. S., 253 U.S. 454, 40 S.Ct. 566, 64 L.Ed. 1010, both of which were reversals because of a failure to follow a well-defined rule.

In Louie Lung Gooey v. Nagle, 49 F. (2d) 1016, 1017, this court said: "We cannot too often repeat that, in immigration cases of this character brought before us for review, the question is not whether we, with the same facts before us originally, might have found differently from the Board; rather is it a question of determining simply whether or not the hearing was conducted with due regard to those rights of the applicant that are embraced in the phrase 'due process of law.' Tang Tun v. Edsell, 223 U.S. 673, 32 S.Ct. 359, 363, 56 L.Ed. 606. Even if we were firmly convinced that the Board's decision was wrong, if it were shown that they had not acted arbitrarily, but had reached their conclusions after a fair consideration of all the facts presented, we should have no recourse. 'The denial of a fair hearing cannot be established by proving that the decision was wrong.' Chin Yow v. United States, 208 U.S. 8, 28 S.Ct. 201, 202, 52 L.Ed. 369."

It is undisputed that the testimony of appellant given before the board, if properly received and believed, must prevent his entry into this country, for his claim of a right to entry is without any semblance of merit unless based upon a claim of citizenship, which, is contended, is his because he is the son of an American citizen.

A fair consideration of this record necessitates a determination as to whether or not the record made at the hearing shows that appellant's father is a citizen and that in turn is dependent upon a decision to be made from the same record as to whether or not appellant's paternal grandfather was a citizen of the United States. This latter question presents the essence of the entire proceeding.

Appellant's father, Jung Gooey Fook, testified that he was an American citizen being the son of Jung Foo Wan, a conceded American citizen.

The record discloses that Jung Gooey Fook first entered this country as a citizen (because of the citizenship of his father, Jung Foo Wan) in 1909, and that such entry was found to be legal by the Immigration Service at that time, and that on eight occasions since that time his departure from or re-entry into this country has been examined and approved by the officials of that service, and that in December, 1931, the elder son of appellant's father entered this country with the approval of the Immigration Service, being admitted as a citizen, which citizenship was conceded upon the citizenship of Jung Gooey Fook derived from his father, Jung Foo Wan.

But the record also contains the positive statement of appellant that he is not the grandson of Jung Foo Wan whose American citizenship is admitted, but that he is the grandson of Jung Wing Hong who appellant says is the real father of Jung Gooey Fook. This statement is accompanied by such a wealth of detail concerning Jung Wing Hong, his home, his rel-

atives, and the details of his life that we cannot say that the immigration officials must disregard it, for appellant also testified that Jung Foo Wan is not, in fact, his paternal grandfather, but that his father (Jung Gooey Fook) is really the son of one Jung Wing Hong; that his father bought the paper of one of Jung Foo Wan's sons and posed as a son of that man when he came to the United States (in 1909); that his mother told him these things and instructed him not to say anything about the same. Of course, if appellant's testimony was believed by the special examining board, and we think it may fairly have been convincing to such officials, then we have only to consider if such officials could legally consider it. What then is the legal objection to the receipt and consideration of such evidence? It is asserted by appellant that the immigration authorities have acted unreasonably and unfairly "in accepting the hearsay testimony of appellant as to the identity of his paternal grandfather over the testimony and evidence of record in support of the American citizenship of his father."

It is urged by appellant that, as between the hearsay testimony of himself and the prior decisions of the immigration authorities tending to establish appellant's father's citizenship, said administrative decisions are more *persuasive*.

Before considering such contentions, we should say that the record shows that appellant testified to more, much more, than hearsay evidence. Much of his testimony was concerning matters and things seen, met, and discussed by him. It cannot be fairly said that he repeated only hearsay statements of his mother.

■ We know of no rule of evidence that supports appellant's contention, for the courts have said that judicial rules of evidence are not applicable to immigration proceedings, and that hearsay testimony is admissible. Li Bing Sun v. Nagle, 56 F. (2d) 1000 (C.C.A.9); Kjar v. Doak, 61 F. (2d) 566 (C.C.A.7). Furthermore, the decision of the immigration authorities in originally admitting appellant's father as a citizen and confirming that decision upon succeeding re-entries of the father is not res adjudicata with respect to the petition for entry by appellant. White v. Chan Wy Sheung (C.C.A.) 270 F. 764.

Nor are we in accord with appellant's earnest advocacy of the contention to the effect that the record presents no evidence disputing an alleged presumption in favor of appellant's father's American citizenship; on the contrary, the record is replete with evidence from the lips of appellant flatly contradicting such presumption.

■ The effort to measure the probative value, of previous administrative decisions with respect to the status of appellant's father, as against the value of appellant's testimony, seems to us to be directed to a consideration of the weight of evidence. Such consideration is for the administrative officials and will not be reviewed by the courts unless the conduct of such officers reflects unfairness. Kumaki Koga et ux. v. Berkshire, 75 F.(2d) 820 (C.C.A.9); Tang Tun v. Edsell, 223 U.S. 673, 681, 32 S.Ct. 359, 363, 56 L.Ed. 606, 610; and see Wong Chow Gin v. Cahill (C.C.A.9) 79 F. (2d) 854.

Flynn ex rel. Lum Hand v. Tillinghast (C.C.A.) 62 F.(2d) 308, 309, cited by appellant, does not support appellant's argument, for it appears therein that the testimony of that applicant's father, being entirely consistent in itself, "was not contradicted in any manner." In Young Len Gee v. Nagle (C.C.A.) 53 F.(2d) 448, also cited by appellant, there was no contradiction of the petitioner's testimony; the discrepancies relied upon by the examining officials in that case related to matters not only trivial but entirely collateral. Neither case affords a precedent for this appellant.

■ Applicant, if he prevails, must do so upon the theory that his father, Jung Goey Fook, is the son of Jung Foo Wan who was concededly an American citizen, for the record is devoid of any evidence of the American citizenship of Jung Wing Hong, who appellant says is his paternal grandfather. We cannot give any consideration to the argument that the previous administrative decisions have any probative value to show citizenship through Jung Wing Hong, for those records were made upon the theory of descent from Jung Foo Wan. Appellant will not be heard to now change the theory of his case. Tsugio Miyazono v. Carr, 53 F.(2d) 172, 174 (C.C.A.9).

■■ The interesting argument is made by appellant that there may have been two individuals, each answering the same description as to name, age, and place of birth, and that one was the son of Jung Foo Wan, the other being the son of Jung

Wing Hong. This argument might have been made before the Special Board; in fact, it appears that the board did consider such a possibility. We cannot say as a matter of law that its failure to admit appellant because thereof was error, for in any view of the record before us, the burden of proof was upon the appellant and not upon the government. Wong Foo Gwong v. Carr, 50 F.(2d) 300, 362 (C.C.A. 9). We are not unmindful of the duty of the examining officials to view the testimony as a whole, Chung Pig Tin v. Nagle (C.C.A.) 45 F.(2d) 484, and that slight discrepancies should be disregarded. Young Len Gee v. Nagle, supra.

It avails appellant little to argue under the authority of Grant Brothers Construction Co. v. U. S., 232 U.S. 647, 34 S.Ct. 452, 58 L.Ed. 776, that the prior action of the immigration officers, in affirming the citizenship of appellant's father, has prima facie value and that such actions have a status like unto judgments, for the record shows that the prior decisions were in evidence, were considered, and were given substantial value, but that their probative effect was overcome by the convincing evidence of appellant's positive testimony. Wong Chow Gin v. Cahill, supra.

When we consider the value to be placed upon the prior statements of appellant's father and appellant's alleged uncles, we cannot disregard the fact that such statements were made at a time and under circumstances when they had a vital interest in proving descent from Jung Foo Wan; hence we are unable to say that the failure of departmental officials to accord the weight thereto now urged by appellant was error. Tulsidas v. Insular Collector of Customs, 262 U.S. 258, 43 S.Ct. 586, 588, 67 L.Ed. 969, 974; Tang Tun v. Edsell, supra.

Evidence to the effect that appellant's father was registered in this country under the Conscription Act does not disclose if he registered as a citizen or an alien. The weight of such evidence was for consideration by the examining officials; the record does not show any abuse of discretion in connection therewith.

■ We think it immaterial that appellant's father was unaware, prior to the termination of the hearing, that appellant had testified as he did with respect to his paternal grandfather. The real question is: Was Jung Gooey Fook deprived of an opportunity to refute or explain the testimony given at said hearing by his son or to inspect the record made at the hearing?

It appears from the record that appellant's father was directly and specifically questioned in detail with respect to practically every statement made by his son, including a rather searching examination with respect to the alleged fraudulent entry by himself as the son of Jung Foo Wan, and that in four pages of record he denied all of the statements testified to by appellant, and that a copy of the record was given to appellant's attorney.

It further appears that prior to a decision by the Special Board of Inquiry, appellant's attorney of record was notified that the board of special inquiry questioned the citizenship of appellant's father and had deferred decision to allow appellant to present additional evidence, and that appellant offered no additional evidence.

■ Under the above state of the record, we hold that the board's action does not constitute an abuse of discretion, that it was neither arbitrary nor secret, nor was it unfair. We have examined Chin Quong Mew ex rel. Chin Bark Keung v. Tillinghast (C.C.A.) 30 F.(2d) 684, and Lewis ex rel. Lai Thuey Lem v. Johnson (C.C.A.) 16 F.(2d) 180, 182, and Mahler v. Eby, 264 U.S. 32, 44 S.Ct. 283, 68 L.Ed. 549; but we believe that they do not support appellant's contention.

The order of the District Court is affirmed.

MATHEWS, Circuit Judge (concurring).

Appellant sought admission to the United States as a citizen thereof. His case was heard by a Board of Special Inquiry appointed under section 17 of the Immigration Act of February 5, 1917, c. 29, 39 Stat. 887, 8 U.S.C.A. § 153. The board determined that appellant was not a citizen and should not be admitted. That determination was upheld by the Secretary of Labor. Appellant then applied for a writ of habeas corpus and, from an order denying the writ, has appealed to this court.

The record shows, without dispute, that appellant and his father, Jung Goey Fook, were born in China and have not been naturalized. Appellant claims, however, that his paternal grandfather was a citizen of the United States, and that, by reason thereof, appellant's father and appellant himself are citizens. Appellant's father testified that appellant's paternal grand-

814

father was Jung Foo Wan, who, it is conceded, was a citizen of the United States. Appellant, testifying as a witness for himself, denied that Jung Foo Wan was his paternal grandfather, and stated that his paternal grandfather was Jung Wing Hong. There is no evidence that Jung Wing Hong was a citizen. In view of this conflict, the board and the secretary held that appellant's alleged citizenship was not established.

The secretary's decision denying appellant admission to the United States is final and conclusive upon the courts, unless it be shown that the proceedings were manifestly unfair or conducted in an unlawful or improper way, or that there was a manifest abuse of discretion. Ng Heu Yim v. Bonham (C.C.A.9) 79 F.(2d) 655, 656. There is no such showing in this case.

Appellant's contention that the board acted unfairly in accepting his testimony and rejecting that of his father scarcely merits serious consideration. The weight of the evidence and the credibility of the witnesses were for the board, not the court, to determine. Mui Sam Hun v. United States (C.C.A.9) 78 F.(2d) 612, 615. It was likewise for the board, not the court, to determine the weight to be given previous decisions of the immigration authorities recognizing the alleged citizenship of appellant's father. Wong Chow Gin v. Cahill (C.C.A.9) 79 F.(2d) 854, 857, 859.

There is no merit in appellant's contention that the board acted unfairly in not directing the attention of appellant's father to appellant's testimony. Appellant's father was not a party to these proceedings, and the board, therefore, owed him no duty whatsoever.

The writ of habeas corpus was properly denied.